**JEANE THORNE TEMPORARY SERVICE, INC., Relator,**

v.

**Keith ELLIOTT, Respondent,**

**and**

**Commissioner of Economic Security, Respondent.**

**No. C9–83–1999.**

Court of Appeals of Minnesota.

July 10, 1984.

Vincent J. Carrigan, St. Paul, for relator.

Keith Elliott, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for respondent Com'r of Economic Sec.

Considered and decided by FOLEY, P.J., and SEDGWICK and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

We granted review of the determination of the Commissioner of Economic Security upholding the eligibility of claimant for unemployment compensation. A claims deputy made the initial award determining that claimant-respondent had been involuntarily separated for reasons other than misconduct, and an Economic Security referee affirmed that determination. The Commissioner's representative affirmed the decision of the referee and we granted employer-relator's petition for certiorari.

We affirm.

## FACTS

Elliott had been employed by relator, Jean Thorne Temporary Services, Inc., a temporary labor service, from January, 1982, to July, 1983, as a laborer. During the time he was employed by relator, Elliott was assigned to perform services for Nobles Industries at its plant location. During his last six weeks of employment, Elliott worked as a janitor at the Nobles Industries location. In July, 1983, relator received a telephone call from Elliott's supervisor at Nobles indicating Elliott should be terminated from his assignment at Nobles as he had been caught sleeping on the job in a storage room closet.

Elliott was discharged from his employment on July 14, 1983, for allegedly sleeping on the job while· assigned to Nobles Industries.

At the hearing on Elliott's application for unemployment benefits, relator produced a signed statement by a Nobles Industries' employee who claimed to have seen Elliott sleeping on the job. That statement and another written statement were received into evidence by the referee over Elliott's objection. Elliott appeared in person and denied the allegation. He also testified that the Nobles Industries' supervisor who claimed he had seen Elliott sleeping on the job had harassed him on other occasions.

The claims deputy determined that Elliott was involuntarily separated from his employment for reasons other than misconduct and awarded benefits. A department referee affirmed that decision. Before the Commissioner's representative, relator requested that the Commissioner remand the case to the referee for the introduction of additional evidence in the nature of direct testimony regarding Elliott's conduct. The motion was denied and the decision of the hearing referee was affirmed.

## ISSUES

1. Does the record support the decision of the respondent-Commissioner that Elliott was involuntarily separated from his employment for reasons other than misconduct?

2. Was the Commissioner's refusal to remand the case to the referee to allow relator to introduce additional evidence proper?

## ANALYSIS

■ Elliott was discharged by relator for allegedly sleeping on the job. Minn. Stat. § 268.09, subd. 1(2) (1982) disqualifies an individual from receiving unemployment compensation benefits if his discharge from employment was due to misconduct. Sleeping on the job can be misconduct providing grounds for job termination and disqualification for unemployment compensation.

*Auger v. Gillette,* 303 N.W.2d 255 (1981). The employer has the burden of proving misconduct, and misconduct as a disqualification is narrowly construed. *Group Health Plan, Inc., v. Lopez,* 341 N.W.2d 294 (Minn.Ct.App.1984); *Smith v. Employers' Overload Co.,* 314 N.W.2d 220 (Minn. 1981).

The claims deputy and the referee each found Elliott's testimony to be more credible and persuasive than the evidence introduced by relator, and decided that relator had not sustained its burden of proving misconduct. The Commissioner's representative found the referee had a reasonable basis for the decision and affirmed it.

■ This court's scope of review in Economic Security cases is limited:

The narrow standard of review requires that findings be reviewed in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed.

*White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983); *see also Group Health Plan,* 341 N.W.2d at 296 (Minn.Ct.App.1984).

■ Assessing the relative credibility of oral testimony of the claimant and the written statements presented by the employer is a function assigned by law to the hearing examiner, whose decision will not be disturbed on review unless clearly erroneous. The evidence here was conflicting, and the hearing examiner's decision was not "clearly erroneous."

■ We also do not disturb the Commissioner's denial of relator's motion to remand to the referee to allow relator to produce additional live testimony. In Economic Security cases, the law encourages both sides to proceed in an efficient, expeditious manner. The rules of evidence are not strictly applied. Either side can proceed with or without an attorney. Written documents, reports, and other credible hearsay are allowed—for whatever weight the examiner wishes to give them. *See* Minn.Stat. § 268.10, subd. 6, 9 (1982). Prior to the initial hearing, each side has an

opportunity to determine the evidence it wishes to present. Neither employer nor employee has the automatic right to try again, merely because at the first hearing the examiner found the evidence of one party to be more persuasive than that of the other.

The employer had the burden of proof to show misconduct leading to disqualification and the record supports the Commissioner's determination that relator had not sustained its burden of proof.

### DECISION

This record supports the decision of respondent-Commissioner that Elliott was involuntarily separated from his employment with relator for reasons other than misconduct and is entitled to unemployment compensation benefits.

Affirmed.