**Tamara K. Gilbertson KAMPA, Relator,**

**v.**

**NORMANDALE TENNIS CLUB, Commissioner of Jobs and Training, Respondents.**

**No. C3–86–734.**

Court of Appeals of Minnesota.

Sept. 16, 1986.

Review Denied Nov. 17, 1986.

John H. Guthmann, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for Tamara K. Gilbertson Kampa.

J. Bertram Press, Minneapolis, for Normandale Tennis Club.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Jobs and Training.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Relator appeals from a determination she quit her job because of scheduling problems and not because of sexual harassment. We affirm.

## FACTS

In April 1985, relator Tamara Kampa applied for a position as a Nautilus instructor at one of the employer's health club facilities. She interviewed with Denny Kovach, a director of fitness for five of the employer's facilities. During that interview, Kovach did not make any inappropriate remarks.

Kampa had a second interview with Kovach a few days later. At that time, Kovach made several inappropriate, sexually-related remarks, and touched Kampa's arm, neck and shoulders, one time asking if she was nervous, and another time demonstrating where certain muscles were located.

Kampa was hired by the employer. On her second day of work, Kampa spoke with her supervisor about the interview with Kovach. The supervisor told Kampa she should tell Kovach clearly and firmly to stop his behavior.

Kampa did not see Kovach very often, although upon several occasions he made remarks and exhibited behavior which she believed inappropriate.

Kampa has a young son who has had medical problems, requiring her to adjust her schedule to meet his needs. She was late for work one day and could not come

in as scheduled on another occasion. She was reprimanded for those absences and was informed her scheduling problems could not continue.

Approximately four months after she began working for the employer, Kampa resigned, giving no reason for leaving. Kampa filed for unemployment compensation benefits which were ultimately denied, on the basis she had resigned due to scheduling conflicts and not due to sexual harassment.

## ISSUES

1. Does the record support the Commissioner's decision Kampa resigned because of her scheduling problems and not because of sexual harassment?

2. Did the Commissioner's representative erroneously refuse to remand to allow Kampa to introduce additional evidence?

3. Must Kampa post a cost bond on appeal?

## ANALYSIS

1. In order to receive unemployment compensation benefits, an employee who has voluntarily resigned from a job has the burden of proving the resignation was for good cause. *Marz v. Department of Employment Services,* 256 N.W.2d 287 (Minn. 1977). This court must defer to the findings of the Commissioner's representative, and may not disturb those findings unless there is no evidence reasonably tending to support them. *Lumpkin v. North Central Airlines, Inc.,* 296 Minn. 456, 460, 209 N.W.2d 397, 400 (1973).

■ The Commissioner's representative found Kampa resigned because of scheduling problems, and not because of harassment by Kovach. The record supports this finding. There is evidence Kampa was required to adjust her schedule to accommodate her son's problems, was late for work one day, and could not come in as scheduled on another occasion. Kampa had been reprimanded for those absences. The record also discloses Kampa resigned on the same day she was informed her

scheduling difficulties could not continue. Kampa testified as follows:

Q. Ms. Kampa, what was your reason for resigning?

A. I was afraid I was gonna get fired.

Kampa's own scheduling problems did not constitute good cause to terminate her employment. *See Ferguson v. Department of Employment Services,* 311 Minn. 34, 44, 247 N.W.2d 895, 900 (1976).

2. Kampa also claims the Commissioner's representative was arbitrary and unreasonable by failing to remand this matter for additional testimony from a supervisor who had not been called to testify at the hearing. Kampa bases her claim upon two grounds:

(a) Changed Circumstances. Kampa claims after the referee issued his decision, and the appeal to the Commissioner's representative was filed, Kovach was discharged by the employer because of sexual harassment charges brought by Kampa and others. There is no evidence in the record to support this contention or indicating it was argued to the Commissioner's representative.

(b) Representation of Counsel. Kampa also claims the matter should have been remanded due to inadequate representation by her counsel. Again, the record does not indicate this request was raised before the Commissioner's representative.

■ This court has consistently held a party's mere failure to submit testimony is insufficient to support a request for remand. *See Drellack v. Inter-County Community Council, Inc.,* 366 N.W.2d 671, 675 (Minn.Ct.App.1985); *Schultz v. Machovec Food Market,* 358 N.W.2d 155, 156 (Minn.Ct.App.1984); *Jeane Thorne Temporary Service, Inc. v. Elliott,* 351 N.W.2d 393, 395–96 (Minn.Ct.App.1984). It would be contrary to these decisions to reverse the Commissioner's representative and require remand.

■ 3. Kampa has indicated the employer claims she should be required to

post a cost bond on appeal. The applicable statute specifically provides:

> Any party in interest, *except a claimant for benefits,* upon the service of the writ shall furnish a cost bond * * *.

Minn.Stat. § 268.10, subd. 8 (1984) (emphasis added).

### DECISION

The record supports the Commissioner's finding relator resigned due to scheduling difficulties, and not due to sexual harassment. The Commissioner's representative did not erroneously deny relator's request for remand to present additional evidence. Relator was not required to post a cost bond on appeal.

Affirmed.