372 So.2d 197 (1979)
ABC AUTO PARTS, INC., Appellant,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Division of Employment Security and Patricia L. Stephens, Appellees.
No. MM-92.
District Court of Appeal of Florida, First District.
June 26, 1979.
*198 Herman Ulmer, Jr., and Douglas D. Chunn, of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellant.
Norman A. Blessing, Tallahassee, and James R. Parks, Miami, for appellees.
LARRY G. SMITH, Judge.
ABC Auto Parts, Inc. appeals a final order of the Unemployment Appeals Commission determining that ABC's former employee was not disqualified from receiving unemployment compensation benefits. We find error and reverse.
The employee, Stephens, was among sales personnel required to attend a sales meeting for the purpose of having fully explained to them the warranty claim procedures to be used in the handling of warranty claims, which were becoming costly and time consuming to ABC. All sales persons were directed to hand in a written report on the procedure by April .22, in order to ascertain whether or not they knew the correct procedure. They were informed that if they were unable to complete the report by that date, it could be turned in on Monday, April 24. Stephens did not have the report on the 24th, and her supervisor, after a discussion with her, informed her that she was being transferred to a warehouse job, which was in effect a demotion with less pay. Rather than accept warehouse work, Stephens tendered her resignation which was accepted at that time.
Stephens filed a claim for unemployment compensation benefits which resulted in a denial by the claims examiner who determined that she had voluntarily left her employment without good cause attributable to the employer. Stephens appealed and a hearing de novo was held before the appeals referee. The evidence before the appeals referee was in conflict as to just what exactly did occur between Stephens and her supervisor. Stephens testified that she did not have time to do the report at home and that she offered to prepare the report at the office, but her supervisor would not listen and told her she was being placed in the warehouse to work. She denied that she ever told him she would not do the report. The supervisor, on the other hand, testified that Stephens told him she did not have the report prepared, that she did not have time to do work at home, and was not going to do any work at home. He further testified that he asked her to prepare the report while there at work but she refused and stated unequivocally that she was not going to prepare the report, which he, the supervisor, considered to be insubordination. We note there is no finding and no suggestion by the record that the employer's request was unreasonable.
The employer proferred the testimony of two employees who were present at the hearing who were prepared to testify that Stephens had previously stated at the sales meeting that she had no intention of preparing the written report. However, the appeals referee refused to allow the witnesses to testify, stating there was no need to show any misconduct because Stephens was not fired, and that their testimony would not have any bearing on the case.
The decision of the appeals referee contains the finding, among other things:
... The claimant was not discharged from her job at this time; therefore, any misconduct on her part has no bearing on this case... . (decision of appeals referee, page two)
Appellant contends, and we agree, that the appeals referee was acting under a misapprehension *199 as to the legal effect of the conduct of the employee, Stephens, in relation to the action taken by ABC in demoting her to a lower status job. Under the unemployment compensation law, an individual is disqualified to receive benefits if he has voluntarily left his employment without good cause attributable to his employer, or been discharged for misconduct connected with his work (§ 443.06(1) Fla. Stat.). "Misconduct" under Section 443.06(9)(a), (b), Florida Statutes, includes, but is not limited to:
"(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
"(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." (§ 443.06(9)(a), (b), Fla. Stat.)
We are of the opinion that the employee's willful or negligent failure to comply with the employer's request that the employee demonstrate her understanding of the proper claims procedure by submitting the written report could well fall within those definitions of misconduct contained in the statute. It is obvious that the appeals referee foreclosed consideration of this issue by her assumption that unless discharged, the employee's misconduct could not be considered. We find no authority and no support in logic or reason, for the appeals referee's interpretation of the law to permit a discharge of an employee for violation of a reasonable rule or insubordination, but to prohibit a transfer of that employee (or demotion if necessary) to a position in which the employee's complained of conduct would have no bearing upon her ability to perform that job. We hold that under a reasonable interpretation of the letter, intent and purpose of the unemployment compensation law, an employer may, in lieu of discharge of an employee who has been guilty of misconduct sufficient to justify discharge, transfer or demote that employee to a lesser position; and that if the employee on that account voluntarily leaves the employment, it cannot be claimed that it was for "good cause attributable to his employer" (§ 443.06(1) Fla. Stat.) and such employee must be held disqualified from receiving unemployment compensation benefits. Cf. Carlson v. Florida Department of Commerce, 275 So.2d 24 (Fla. 2nd DCA 1973); State Department of Commerce, Division of Employment Security v. Dietz, 349 So.2d 1226 (Fla. 2nd DCA 1977); and W.M. Palmer Company v. Meeks, 354 So.2d 893 (Fla. 1st DCA 1978). See also Barajas v. Industrial Commission, 487 P.2d 598 (Colo. App. 1971).
Under our interpretation of the unemployment compensation law it was error for the appeals referee to assume that misconduct had no bearing on the case, and to deny the employer's efforts to produce witnesses whose testimony would be material and relevant to the issue of the employer's misconduct in failing or refusing to turn in the required report.
It is, accordingly, ordered that the decision of the Division of Unemployment Security of the Department of Commerce is reversed, and this cause is remanded for further proceedings before the appeals referee consistent with the foregoing opinion.
McCORD, C.J., and BOOTH, J., concur.