**Darlene HOLLAR, Relator,**

v.

**RICHARD MANUFACTURING COMPANY, Respondent,**

**Commissioner of Economic Security, Respondent.**

No. C6–83–1880.

Court of Appeals of Minnesota.

April 17, 1984.

James E. Lindell, Minneapolis, for relator.

Richard Mfg. Co., pro se.

Hubert H. Humphrey III, Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a decision of the Commissioner's representative disqualifying relator from receiving unemployment compensation benefits for voluntarily quitting her job. The representative's decision modified a referee's finding that she had been terminated for misconduct. We affirm.

## FACTS

Relator Hollar was employed as a machine operator beginning in April, 1983. The employer's policy required that machine operators be available to work an hour of overtime upon notification by the employer. Hollar denies that she was notified of the policy prior to beginning work for the company.

On or about July 18, 1983, Hollar was notified by her foreman that she would have to work an hour of overtime and did work an additional hour from 3:30 p.m. to 4:30 p.m. On July 19, 1983, Hollar notified her foreman that she could not and would not work any overtime on that day. She then punched out at 3:30 p.m., her normal quitting time.

On July 20, when Hollar reported for work, she was told to report to the office of the Vice-President, Mr. Broms. The terms of that conversation are disputed except that Hollar was told she had to work the overtime hour. She was unwilling to do so and left the plant following the conversation.

For the representative's finding that she had voluntarily quit her employment, the Commissioner relied on a statement written by the company Vice-President to the Department in response to Hollar's unemploy-

ment claim. Broms indicated that the choice of working overtime or quitting was up to relator, who chose to leave. There was somewhat inconsistent testimony by Broms at the hearing, although he did not repudiate the statement.

## ISSUE

Was there sufficient evidence to sustain the Commissioner's decision disqualifying relator from receiving unemployment compensation?

## ANALYSIS

The question of whether an employee has been voluntarily or involuntarily terminated is a question of fact. The findings of the Commissioner are reviewed in the light most favorable to her decision, and will not be disturbed if there is evidence reasonably tending to support them. *Hendrickson v. Northfield Cleaners*, 295 N.W.2d 384 (Minn.1980).

Relator walked off the job on July 19th as well as July 20th. Although there is testimony by Broms that she was terminated for walking off the job on the 19th, there is also evidence that on July 20th, she was given the option to quit, or accept overtime work, and she chose to quit.

Even if the employer did not sustain the burden of proving that the termination was voluntary, the findings amply support the conclusion that relator had committed misconduct for refusing to work overtime. The amount of overtime requested by the employer in this case was minimal, and was not an unreasonable demand upon the employee so as to justify her refusal. *See, Zepp v. Arthur Treacher Fish and Chips*, 272 N.W.2d 262 (Minn.1978).

## DECISION

The Commissioner's decision disqualifying relator from unemployment benefits is affirmed.