**MIDLAND ELECTRIC, INC., Relator,**

v.

**Alan JOHNSON, Department of Economic Security, Respondents.**

No. C9–85–534.

Court of Appeals of Minnesota.

Aug. 20, 1985.

George C. Riggs, Bloomington, for relator.

Alan Johnson, pro se.

Peter C. Andrews, Laura E. Mattson, Asst. Attys. Gen., St. Paul, for Department of Economic Security.

Considered and decided by PARKER, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Relator, Midland Electric Inc., appeals from a determination by the Commissioner of Economic Security that the respondent-employee did not voluntarily terminate his employment. We affirm.

## FACTS

In September 1983, respondent Alan Johnson began working for the relator as an electrician. Johnson did not have a Minnesota electrician's license, although he intended to take the test. During December 1983 and January 1984 relator became increasingly dissatisfied with Johnson's work and told him on several occasions that he would be discharged if he did not speed up.

Johnson was scheduled to take a two-week leave of absence in January 1984 to go to Oregon. His last day of work before the leave was January 13. On January 9, relator learned that Johnson had failed the Minnesota journeyman license test.

On January 13 relator asked Johnson to return some tools before he left for Oregon. Johnson asked if he would have a job when he got back, and relator responded that he could not guarantee any hours when Johnson returned. When Johnson asked if he should call when he got back, relator left without answering.

Johnson remained in Oregon and filed for unemployment benefits in Minnesota. A referee awarded him benefits, finding that he had voluntarily terminated his employment for good cause due to a 25 percent decrease in work and a corresponding decrease in his wages.

A Commissioner's representative reversed, finding that Johnson had voluntarily terminated his employment without

good cause. The Commissioner's representative specifically found that Johnson was not laid off due to a lack of work, but had failed to return to available work.

The Commissioner subsequently vacated his decision and remanded for additional evidence. Upon remand, a referee determined that Johnson had been involuntarily discharged for reasons other than misconduct. A Commissioner's representative affirmed, explaining the confusion in this case was due to the fact that neither the relator nor Johnson knew what they were attempting to prove. Although the relator claimed that Johnson had voluntarily quit, his testimony focused upon his cause to discharge Johnson. On the other hand, Johnson maintained that he had quit due to reduced hours and harrassment, but testified that he did not return from Oregon because he believed he had been fired.

The Commissioner found that the relator did not meet his burden of proving that Johnson had voluntarily terminated his employment without good cause. The Commissioner concluded, rather, that Johnson had failed to return from Oregon due to a reasonable belief that he had been discharged before he left. The Commissioner therefore awarded benefits to Johnson.

## ISSUE

Does the record support the Commissioner's determination that Johnson did not voluntarily terminate his employment?

## ANALYSIS

■ In unemployment compensation cases an employer has the initial burden of proving that an employee voluntarily terminated his employment. *Marz v. Dept. of Employment Services*, 256 N.W.2d 287, 289 (Minn.1977). The burden then shifts to the employee to demonstrate that he discontinued his employment for good cause attributable to the employer. *Zepp v. Arthur Treacher's Fish & Chips, Inc.*, 272 N.W.2d 262, 263 (Minn.1978).

In the present case the Commissioner found that relator did not meet his burden of proving that Johnson voluntarily quit. Rather, the Commissioner determined that Johnson did not return to work due to a reasonable belief that he had been fired. In *Wallace W. Carlson Co. v. Hasler*, 351 N.W.2d 688 (Minn.Ct.App.1984), we indicated that an employee's failure to return to work based upon a reasonable belief that he has been fired should not be characterized as misconduct. Likewise, the Commissioner found, and we agree, that an employee's failure to return to work due to a reasonable belief that he has been discharged does not constitute a voluntary termination.

Whether an employee has been discharged or voluntarily quit is a question of fact, *Hollar v. Richard Mfg. Co.*, 346 N.W.2d 692, 693, 694 (Minn.Ct.App.1984); *Seacrist v. City of Cottage Grove*, 344 N.W.2d 889 (Minn.Ct.App.1984), and we will not disturb factual findings if there is evidence in the record which reasonably sustains those findings. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983). We believe that in the present case the record supports the Commissioner's determination that Johnson reasonably believed he had been discharged before he left for Oregon. Relator asked Johnson to turn in his tools, told him he could not guarantee work when Johnson returned, and walked away when Johnson asked if he should call when he got back. In addition, relator had complained of Johnson's work in the past and had discovered only four days earlier that Johnson had failed the journeyman license test. Even if relator did not actually intend to fire Johnson, he could reasonably believe that he had been discharged. *See Carlson*, 351 N.W.2d at 690.

## DECISION

The order of the Commissioner of Economic Security is affirmed.

Affirmed.