Tammy A. SOUDER, Relator,

v.

ZIEGLER, INC., BUHL LOCATION
and Commissioner of Jobs and
Training, Respondents.

No. C7–88–143.

Court of Appeals of Minnesota.

June 21, 1988.

Kent M. Carlson, Virginia, for Tammy A. Souder.

Eric J. Magnuson, Minneapolis, for Ziegler, Inc., Buhl Location.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for Com'r of Jobs and Training.

Heard, considered and decided by SCHUMACHER, P.J., and FOLEY and FORSBERG, JJ.

## OPINION

SCHUMACHER, Judge.

Relator Tammy Souder seeks review of a determination that she voluntarily quit her job for unemployment compensation purposes. We affirm.

## FACTS

Tammy Souder was employed as a parts expeditor, clerk and secretary for respondent Ziegler, Inc. until September 17, 1987. Prior to that date, on two separate occasions, Ziegler's office manager had requested Souder to clean his computer keyboard. On September 17, the manager noticed that the keyboard had not been cleaned, and for the third time requested Souder to clean it. Souder refused, and a heated discussion ensued. The manager gave Souder a document indicating that she had received a

verbal warning for insubordination, and asked Souder to sign the document. Souder refused and left Ziegler's premises. She did not say anything further to the manager and did not report to work thereafter.

Souder applied for unemployment compensation, claiming she had walked off the job because she believed she was fired. Ziegler contested Souder's claim for benefits, arguing that she voluntarily quit when she walked off the job.

Following a hearing, a department referee determined that Souder had voluntarily quit her job without good cause attributable to Ziegler. On appeal, a Commissioner's representative affirmed. Souder has appealed by writ of certiorari.

## ISSUE

Does the record support the Commissioner's determination that Souder voluntarily quit her job with Ziegler?

## ANALYSIS

Minn.Stat. § 268.09, subd. 1(1) (1986) provides that an employee who voluntarily quits her job without good cause attributable to the employer[1] is not entitled to receive unemployment compensation benefits. Whether an employee voluntarily quit or was discharged is a question of fact. *Hollar v. Richard Manufacturing Co.*, 346 N.W.2d 692, 694 (Minn.Ct.App. 1984). The Commissioner's factual determinations may not be overturned if there is evidence in the record reasonably tending to sustain the findings. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983)[2].

In *County Market v. Dahlen*, 396 N.W. 2d 81 (Minn.Ct.App.1986), an employee had missed worked upon several occasions, and was told not to bother punching in when he

1. Souder does not allege on appeal that even if she voluntarily quit, she did so with good cause attributable to the employer.

2. Souder's arguments regarding the referee's findings of fact are not applicable, since this

court is limited to reviewing the Commissioner's findings, and not those of the referee. *Tester v. Jefferson Lines*, 358 N.W.2d 143, 145 (Minn.Ct. App.1984).

finally reported to work. When the employee asked why, his manager responded: "That's pretty obvious, you've missed too many days". Believing that he was fired, the employee left the premises and drove home.

In *Dahlen*, we affirmed the Commissioner's finding that the employee believed in good faith he was fired. We also affirmed the Commissioner's determination that the employee's belief was reasonable under the circumstances.

In *Midland Electric, Inc. v. Johnson*, 372 N.W.2d 810 (Minn.Ct.App.1985), the employer had become increasingly dissatisfied with the employee's work, and had told the employee upon several occasions that he would be discharged if he did not speed up. Just before the employee left for a two-week leave of absence, the employer learned that the employee had failed his journeyman electrician's license test. The employer asked the employee to return some tools before he left, and the employee asked if he would have a job when he got back. The employer responded that he could not guarantee any hours when the employee returned, and when the employee asked if he should call when he got back, the employer left without answering. This court affirmed the Commissioner's determination that the employee had failed to return to work due to a reasonable belief that he had been discharged; thus, the employee did not voluntarily quit his job. *Id.* at 812.

▇ Here, on the other hand, the Commissioner found that Souder's belief she was discharged was not reasonable under the circumstances. The record supports this finding. Ziegler's manager testified:

> [D]uring the course of the discussion, I tried to explain my part of the story why I wanted my terminal cleaned, and why it was important that she did it, and I was willing at that time of the discussion to throw the Disciplinary Action Form in the garbage, forget it happened if she was going to continue, if she would just

do the tasks I asked. I didn't think I was asking that much of her.

The manager also explained that Ziegler's disciplinary policy included the following steps: (1) written documentation of verbal warning; (2) written warning; (3) suspension; and (4) termination. On its face, the disciplinary notice which Souder refused to sign indicates that it constituted documentation of a verbal warning (the first step in the disciplinary process), and not a termination/suspension notice, as Souder claims.

In light of this evidence, the Commissioner could reasonably find that Souder's belief she was terminated was not reasonable under the circumstances.

▇ The employer has the burden of proving the employee voluntarily quit his employment. *Marz v. Department of Employment Services*, 256 N.W.2d 287, 289 (Minn.1977). Souder argues the Commissioner erroneously assigned to her the burden of proving she did not voluntarily quit. The Commissioner's memorandum states:

> In this case we are of the opinion that the claimant did not establish that her belief that she was discharged from employment was reasonable under the circumstances.

We disagree with Souder's construction of the above language. The Commissioner stated that Ziegler had the burden of proof, and determined that burden was met. The above language simply expresses the Commissioner's belief that Souder did not adequately rebut Ziegler's proof.

### DECISION

The Commissioner properly disqualified Souder from receiving unemployment benefits.

Affirmed.