Lisa K. SCHEUNEMANN, Relator,

v.

RADISSON SOUTH HOTEL,
Commissioner of Economic
Security, Respondents.

No. C8–96–2271.

Court of Appeals of Minnesota.

April 15, 1997.

Nicholas P. Granath, Granath & O'Donnell, P.A., St. Louis Park, for Relator.

Kent E. Todd, St. Paul, for Respondent Department of Economic Security.

Considered and decided by CRIPPEN, P.J., and LANSING and PETERSON, JJ.

## OPINION

LANSING, Judge.

The Commissioner's representative disallowed the employee's testimony that she was discharged for reporting sexual harassment, stating that it was not relevant to the employer's claim that the employee was discharged for misconduct consisting of excessive absenteeism. We reverse and remand to allow the employee to present evidence that she was discharged for reporting sexual harassment.

## FACTS

The Radisson South Hotel employed Lisa Scheunemann as a switchboard operator between July 1995 and July 1996. Scheunemann was late for work six times during January 1996, and she received a written warning. In February 1996 Scheunemann received a second written warning for repeated tardiness.

In June 1996 Scheunemann received a written warning addressing employment issues, including her attendance. As part of the written warning, Radisson informed her that she should notify the hotel at least two hours before any intended absence.

On June 28, 1996, Scheunemann was absent because of illness, and her husband called the hotel two hours before her shift was scheduled. On June 30 Scheunemann was again ill, but failed to call Radisson until twenty-five minutes after her starting time. On July 2, 1996, Radisson discharged Scheunemann, citing her absenteeism and her failure to notify it properly in advance of absences.

Scheunemann applied for reemployment insurance benefits. She asserted that she was discharged because of her complaint of sexual harassment, not for her attendance problems. She claimed that in May 1996 she reported to Radisson that she was being harassed by another employee and that Radisson's complaints about her attendance began after her report.

At the hearing Radisson introduced testimony and documentation to prove misconduct relating to absenteeism. In response to the reemployment insurance judge's question on the reasons for her discharge, Scheunemann stated that she had reported sexual harassment in April. The reemployment judge informed Scheunemann that the issue of sexual harassment was not relevant to her discharge for alleged misconduct. After being told that the sexual harassment report was not relevant, Scheunemann submitted no further evidence.

The reemployment judge found that Radisson had discharged Scheunemann for disqualifying misconduct. Scheunemann appealed to a Commissioner's representative, claiming that she did not commit misconduct and that she should have been allowed to introduce evidence of the alleged harassment. The Commissioner's representative rejected Scheunemann's arguments, concluding that she was discharged for misconduct and that her claim of harassment was irrelevant.

## ISSUE

Did the Commissioner's representative err by concluding that Scheunemann's allega-

tions of harassment were irrelevant to the reasons for her discharge?

## ANALYSIS

■ An employee who is discharged from a job for misconduct is disqualified from receiving reemployment insurance benefits. Minn.Stat. § 268.09, subd. 1(b) (1996). Whether an employee committed the specific act or acts alleged to be misconduct is a question of fact for determination by the Commissioner's representative. *See Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 375, 204 N.W.2d 644, 645–46 (1973) (Commissioner's finding of fact on issue whether employee had insulted customer was supported by the evidence); *Reddmann v. Kokesch Trucking, Inc.*, 412 N.W.2d 828, 830 (Minn.App. 1987) (reviewing Commissioner's findings regarding employee's actions). But whether the acts constitute misconduct is a question of law upon which this court is "free to exercise its independent judgment." *Ress v. Abbott Northwestern Hosp., Inc.*, 448 N.W.2d 519, 523 (Minn.1989).

■ The statutory disqualification for reemployment insurance benefits applies to individuals who are discharged *for* misconduct. Minn.Stat. § 268.09, subd. 1(b). When the reason *for* the discharge is disputed, the hearing process must allow evidence on the competing reasons and provide factual findings on the cause of discharge. *Harringer v. AA Portable Truck & Trailer Repair, Inc.*, 379 N.W.2d 222, 223–24 (Minn.App.1985). Scheunemann claims that she was discharged *for* her complaints about alleged sexual harassment by a co-worker. If so, Scheunemann would not be disqualified from receiving reemployment benefits. *See Lumpkin v. North Cent. Airlines, Inc.*, 296 Minn. 456, 209 N.W.2d 397, 401 (1973) (stating that reason for discharge, not collateral misconduct, determines whether employee disqualified from receiving benefits); *Harringer*, 379 N.W.2d at 224 (holding that misconduct does not affect determination of benefits when poor job performance is the reason for discharge).

It is undisputed that the reemployment insurance judge refused to allow Scheunemann to testify about the alleged harassment; therefore, Scheunemann could not testify that she was discharged because of her complaints about the sexual harassment and not because of her attendance problems. The department's rules provide:

> The referee [now "reemployment insurance judge"] should assist unrepresented parties in the presentation of evidence.
>
> * * *
>
> The referee shall exercise control over the hearing procedure in a manner that protects the parties' rights to a fair hearing. The referee shall ensure that relevant facts are clearly and fully developed.

Minn.R. 3310.2921 (1995). When Scheunemann was denied an opportunity to testify on her harassment complaint, not only were relevant facts left undeveloped, but the process prevented the facts from being clearly and fully developed.

■ Radisson had the burden to show that Scheunemann was discharged for disqualifying misconduct. *Ress*, 448 N.W.2d at 523. Scheunemann should have been permitted to present evidence disputing the reason for her discharge. *Cf. Souder v. Ziegler, Inc.*, 424 N.W.2d 834, 836 (Minn.App.1988) (employee failed to adequately rebut employer's proof). The factfinder is then obligated to weigh the evidence, determine credibility, and make a determination on the reasons for the discharge. *See Jeane Thorne Temp. Serv. v. Elliott*, 351 N.W.2d 393, 395 (Minn. App.1984) (affirming credibility determination in favor of employee and against supervisor, when employee claimed the supervisor had previously harassed him and that he was not discharged for misconduct, as employer alleged).

## DECISION

The Commissioner's representative erred by concluding that Scheunemann's evidence of sexual harassment was irrelevant to a determination of whether she was discharged for misconduct.

**Reversed and remanded.**