*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2347**

Brian Freed,
Relator,

vs.

Wholesale Tire & Wheel of MN, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed August 4, 2014
Affirmed
Kirk, Judge**

Department of Employment and Economic Development
File No. 31552535-3

Brian Freed, Faribault, Minnesota (pro se relator)

Wholesale Tire & Wheel of MN, Inc., Morristown, Minnesota (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

Relator Brian Freed challenges the determination of the unemployment-law judge (ULJ) that he is ineligible for unemployment benefits, arguing that (1) he made a good-faith error in judgment; (2) his conduct was that of a reasonable average employee; (3) respondent-employer lied during his testimony at the evidentiary hearing; and (4) respondent-employer engaged in employer retaliation. We affirm.

## D E C I S I O N

This court reviews a ULJ's decision to determine whether a party's substantial rights were prejudiced because the findings, inferences, conclusion, or decision are unsupported by substantial evidence in view of the record as a whole or affected by an error of law. Minn. Stat. § 268.105, subd. 7(d) (2012). Substantial evidence is "(1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) more than a scintilla of evidence; (3) more than some evidence; (4) more than any evidence; or (5) the evidence considered in its entirety." *Minn. Ctr. for Envtl. Advocacy v. Minn. Pollution Control Agency*, 644 N.W.2d 457, 466 (Minn. 2002).

An employee who is discharged from employment for misconduct is ineligible to receive unemployment benefits. Minn. Stat. § 268.095, subd. 4(1) (2012). Employment misconduct is defined as "any intentional, negligent, or indifferent conduct, on the job or off the job that displays clearly: (1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." *Id.*, subd. 6(a) (2012). An employer has the right to

2

expect its employees to follow its reasonable requests, and failure to do so constitutes employment misconduct. *Sandstrom v. Douglas Mach. Corp*., 372 N.W.2d 89, 91 (Minn. App. 1985).

Whether Freed engaged in conduct that disqualifies him from receiving unemployment benefits is a mixed question of fact and law. Whether a particular act constitutes employment misconduct is a question of law that this court reviews de novo. *Scheunemann v. Radisson S. Hotel*, 562 N.W.2d 32, 34 (Minn. App. 1997). Whether the employee committed a particular act is a question of fact for the ULJ to determine. *Id.* In reviewing the ULJ's decision, "[w]e view the ULJ's factual findings in the light most favorable to the decision," and defer to the ULJ's credibility determinations. *Skarhus v. Davanni's Inc.,* 721 N.W.2d 340, 344 (Minn. App. 2006). We will not disturb the ULJ's factual findings if they are supported by substantial evidence. *Id*.

In December 2012, Freed was hired as a salesperson at respondent Wholesale Tire & Wheel of Minnesota, Inc. Wholesale Tire is an auto service and repair shop. By the end of June 2013, Freed had received three written warnings and one verbal warning from his boss, Lynn Miller, president and owner of Wholesale Tire, for failing to complete work orders, being rude to customers, and making scheduling errors. Miller discharged Freed after he walked away from a conversation about his work performance issues in Miller's office. As Freed left the office, Miller stated that they needed to get the conversation resolved now, and if Freed walked away, he might as well keep walking.

Freed applied to the Minnesota Department of Employment and Economic Development (DEED) for unemployment benefits, and a DEED clerk determined that he

3

was ineligible for benefits because he was discharged for employment misconduct. Freed appealed, and on October 9, a ULJ held a telephonic evidentiary hearing.

On October 14, the ULJ upheld DEED's determination of ineligibility as she found Freed had committed employment misconduct by deliberately disobeying an order from Miller, which was intentionally insubordinate. The ULJ found Miller's testimony regarding the parties' confrontation to be more credible than Freed's because Miller provided a more detailed, logical, and plausible account of events. The ULJ found that "Freed turned his back and walked away from Miller" after Miller told him not to walk away and implied that if Freed continued to walk, he would no longer be employed. Because Freed had received several previous warnings, the ULJ found that Freed knew or should have known that "his employment would be jeopardized by further infractions or unacceptable conduct." The ULJ found that Freed committed employment misconduct when he violated the standards of behavior that Miller had the right to reasonably expect. Freed requested reconsideration of the ULJ's determination, and the ULJ affirmed.

## I. Freed did not make a good-faith error in judgment or engage in conduct that an average reasonable employee would have engaged in.

"A good-faith error in judgment is not employment misconduct only in situations when judgment is required." *Marn v. Fairview Pharmacy Servs., LLC*, 756 N.W.2d 117, 122 (Minn. App. 2008), *review denied* (Minn. Dec. 16, 2008); *see* Minn. Stat. § 268.095, subd. 6(b)(6) (2012). When a directive is clear, no judgment is required. *Potter v. N. Empire Pizza, Inc.*, 805 N.W.2d 872, 877 (Minn. App. 2011), *review denied* (Minn. Nov. 15, 2011). Under Minn. Stat. § 268.095, subd. 6(b)(4) (2012), employment misconduct is

4

not "conduct an average reasonable employee would have engaged in under the circumstances."

Freed argues that his actions were either a good-faith error in judgment or conduct that an average reasonable employee would have engaged in because he walked away from his conversation with Miller to attend to waiting customers. The ULJ found that Miller's recollection of events was more credible, and we defer to the ULJ's credibility determinations. *Skarhus*, 721 N.W.2d at 344. No judgment was required of Freed because when Miller approached Freed to discuss the written warning, Freed was not assisting customers. Miller's insistence that they talk left no room for Freed to use his discretion.

Moreover, Freed does not satisfy the average reasonable employee exception because the ULJ rejected Freed's version of events that there were customers waiting for assistance when he was conversing with Miller. A ULJ's credibility determinations are entitled to deference because the ULJ has the ability to weigh the evidence. *Id.*

## II. Miller's testimony was not inconsistent.

Freed argues that Miller was dishonest when he testified at the evidentiary hearing because Miller contradicted himself in his testimony about the events in question. A review of the record shows that Miller's testimony was not inconsistent. Moreover, we defer to a ULJ's credibility determinations concerning conflicts in testimony. *Ywswf v. Teleplan Wireless Servs., Inc.*, 726 N.W.2d 525, 529 (Minn. App. 2007).

**III.     Miller did not engage in employer retaliation.**

"When the reason *for* [an employee's] discharge is disputed, the hearing process must allow evidence on the competing reasons and provide factual findings on the cause of discharge." *Scheunemann*, 562 N.W.2d at 34. Freed argues that Miller singled him out and ultimately discharged him because he had questioned the calculation of his hours and wages. At the evidentiary hearing, the ULJ allowed Freed to testify that he was a victim of employer retaliation, but the ULJ made no findings on this issue. The ULJ satisfied the criteria of *Scheunemann*, however, because she allowed Freed to testify on the issue, weighed the evidence, and found his testimony to lack credibility. *See id.* Because the ULJ concluded Freed was discharged for employment misconduct, she implicitly concluded that Freed was not discharged because of employer retaliation.

**Affirmed.**