*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0930**

Ryan J. Wilson,
Relator,

vs.

Harris Davis Rebar,
Respondent,
Department of Employment and Economic Development,
Respondent.

**Filed December 27, 2016
Affirmed
Reyes, Judge**

Department of Employment and Economic Development
File No. 34399404-3

Shawn B. Reed, Maki & Overom, Ltd., Duluth, Minnesota (for relator)

Harris Davis Rebar, Bellevue, Nebraska (respondent employer)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department)

Considered and decided by Reyes, Presiding Judge; Johnson, Judge; and T. Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

Relator Ryan J. Wilson filed an administrative appeal after the Department of

Employment and Economic Development (DEED) determined that he is ineligible to

receive unemployment benefits because he quit his job. After relator did not answer his phone when the unemployment law judge (ULJ) twice called him for a telephonic hearing, the ULJ dismissed the appeal. Relator filed a request for reconsideration, stating that he was having technical issues with his phone. The ULJ denied relator's request. We affirm.

## FACTS

In February 2016, DEED determined that relator is ineligible to receive unemployment benefits because he quit his job following a change in a condition of employment that was not caused by his employer. Relator filed an administrative appeal, and DEED sent him notice regarding a telephonic hearing for his appeal to be held on March 29, 2016, at 10:45 a.m. The notice stated, "The [ULJ] will call you to participate in this hearing. The telephone number we currently have listed for you is . . . . If this is not correct, please log into your account . . . to make any changes." The notice further stated, "Please contact the Appeals Office immediately at the telephone numbers listed below if you need to reschedule your hearing."

At 10:48 a.m. on the hearing date, the ULJ called relator at the telephone number listed in the notice. Relator did not answer, so the ULJ left a voicemail stating, "I'll try to call you back in the next five to ten minutes. If you're not available, we will be going ahead without your participation today." The ULJ called relator a second time at 11:00 a.m. Relator again did not answer, and the ULJ left a second voicemail stating, "Because I've not been able to get ahold of you, we are going to go ahead without your participation today." The ULJ issued an order dismissing relator's appeal.

2

Relator filed a request for reconsideration, stating:

> I believe this decision was made based on my inability to receive my hearing phone call. . . . On the date of my hearing I was having technical issues with my phone and the call was not able to come through as a result for some reason. I did attempt several times to call from a land line but was unsuccessful in getting through. I have since purchased a new and reliable phone so this issue will not happen again.

Relator later submitted an additional written statement further clarifying why he did not participate in the hearing:

> On March 26th 2016, I checked myself into a mental health and rehab facility in San Clement California. I was already schedule[d] for my Minnesota unemployment hearing on Tuesday March 28th 2016. My wife and I both spoke with the staff at the facility and let them know that the court hearing was very important and my cell phone would be called at exactly 10:45 (central time), which was 8:45 (Pacific time). We had all the details squared away with the staff but the next day when I did get to my phone, it was not working properly. It would not take a charge from the charger and I missed the hearing phone call. I did try to contact the number back but was unable to get through. Thank you for [your] time[.]

The ULJ issued an order affirming the prior order of dismissal. The ULJ determined that relator did not have good cause for missing the hearing because "[t]he reasonable person, acting with due diligence, would ensure that they have a working phone in order to participate in a scheduled telephone hearing." Relator appeals.

## D E C I S I O N

Relator argues that the ULJ abused his discretion in denying relator an additional hearing following a request for reconsideration. We disagree.

3

"A reviewing court accords deference to a ULJ's decision not to hold an additional hearing and will reverse that decision only for an abuse of discretion." *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 345 (Minn. App. 2006) (citation omitted). If an "appealing party fails to participate in the hearing, the [ULJ] has the discretion to dismiss the appeal by summary decision." Minn. Stat. § 268.105, subd. 1a(b) (2014). "[I]f the party who failed to participate had good cause for failing to do so," the ULJ must set aside the decision and order that an additional evidentiary hearing be held. *Id.*, subd. 2(d) (2014). "Good cause" is defined as "a reason that would have prevented a reasonable person acting with due diligence from participating in the hearing." *Id.*

In his initial written statement, relator stated, "I was having technical issues with my phone and the call was not able to come through as a result for some reason." Relator's subsequent statement provided additional information and explained that he had checked himself into a treatment center three days before the hearing; he had made arrangements with staff to access his phone for the hearing; and he did not answer because his phone "was not working properly" and "would not take a charge from the charger."[1]

Relator's written statements provide minimal explanation regarding his failure to participate in the hearing. Relator does not provide any details regarding his phone's

---

[1] Relator's brief provides further explanation for why he did not answer his phone. However, as conceded at oral argument, such details were not presented to the ULJ and, therefore, "may not be reviewed as part of the record on appeal." *Appelhof v. Comm'r of Jobs & Training*, 450 N.W.2d 589, 591 (Minn. App. 1990) (citation omitted).

4

prior ability to receive calls, charge, or function properly. Nor does relator offer an explanation regarding why he did not provide an additional number for this hearing or why he did not request access to his phone early enough to determine that it was charged and working properly. Relator's statements also fail to articulate why he did not reschedule the hearing. And, although he states that he tried "to call from a land line but was unsuccessful in getting through," the record does not indicate what number he called, when he called, or if he attempted to leave a message.

We also note the apparent inconsistencies between relator's first statement, which explained "the call was not able to come through . . . for some reason," and his second statement, which cited his phone's inability to "take a charge." Although the ULJ's order did not reference these seemingly conflicting explanations, such a discrepancy does not support relator's argument that he had a good cause reason for failing to participate in the hearing.

Accordingly, based on the limited information provided by relator and the deference we must accord the ULJ's decision, we cannot say that the ULJ abused his discretion in determining that relator did not have good cause for failing to participate in the hearing. *See Skarhus*, 721 N.W.2d at 345 (affirming denial of additional hearing where relator missed hearing because of work, did not say she had been denied leave from work, and did not attempt to reschedule); *Goodwin v. BPS Guard Servs., Inc.*, 524 N.W.2d 28, 30 (Minn. App. 1994) (same, under earlier version of statute).

**Affirmed.**

5