*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1065**

Jennifer L. Stubbs,
Relator,

vs.

Sprint/United Management Co. (Corp.),
Respondent,
Department of Employment and Economic Development,
Respondent.

**Filed February 21, 2017
Affirmed
Reyes, Judge**

Department of Employment and Economic Development
File No. 34505758-3

Jennifer L. Stubbs, Savage, Minnesota (pro se relator)

Sprint/United Management Co., St. Louis, Missouri (respondent employer)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department)

        Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Reyes, Judge.

UNPUBLISHED OPINION

**REYES**, Judge

Relator challenges the decision of an unemployment-law judge (ULJ) that she is ineligible to receive unemployment benefits because she was discharged for employment misconduct. We affirm.

## FACTS

Relator Jennifer L. Stubbs worked as an assistant store manager for respondent Sprint/United Management Co. While working as an assistant manager, relator purchased a product from respondent, priced at $85.69, using her 25% employee discount for $59.99 (plus tax). On January 15, 2016, relator returned the product and credited her mother's account with respondent for the full $85.69. Relator maintains that her manager approved the decision to credit the account for the product's full price, even though relator purchased the product with her employee discount, to avoid respondent questioning why a non-employee received a discount. Relator acknowledged that the product was refunded for more than the purchase price. In a separate incident, relator's manager provided her with a cellphone and authorized her to recycle it through respondent's buyback program and to credit the cellphone's value to her mother's account. Relator recycled the cellphone and credited her mother's account for $200.

It is a violation of respondent's policies for an employee to credit their own account or the account of their family or friends. In addition, respondent's policies do not allow an employee to purchase an item using their employee discount and later return the same item for the product's full price. Because respondent's policies did not allow

2

relator to access her mother's account, she had another employee use his credentials to access relator's mother's account so that relator could complete the recycling transaction.[1]  Relator's activities were discovered, and she was discharged for violating respondent's policies.

Relator filed a claim for unemployment benefits with the Minnesota Department of Employment and Economic Development (DEED).  DEED determined that relator was discharged for employment misconduct and is ineligible for unemployment benefits.  Relator appealed this determination to a ULJ.  Following an evidentiary hearing, the ULJ issued her findings of fact and decision, determining that relator was discharged for employment misconduct and therefore is ineligible to receive unemployment benefits.  Specifically, the ULJ found that "[t]he evidence supports that [relator] did know the policies and that she was breaking them," and that "[relator] gave an ineligible account a free $200 and a full [product] return and that [such conduct] equaled stealing from the company."  Relator filed a request for reconsideration.  The ULJ issued an order affirming her prior decision.  Relator's certiorari appeal follows.

**D E C I S I O N**

**I.**     **The ULJ properly decided that relator is ineligible for unemployment benefits because she was discharged for employment misconduct.**

Relator argues that the ULJ's determination that she is ineligible for unemployment benefits was arbitrary or capricious and erroneous because she merely

---

[1] The record does not indicate how relator accessed her mother's account in the first transaction involving the $85.69 credit.

engaged in "a good faith error in judgment." We disagree.

This court reviews a ULJ's denial of unemployment benefits to determine whether the findings, inferences, conclusions of law, or decision are affected by an error of law, are unsupported by substantial evidence, or are arbitrary or capricious. Minn. Stat. § 268.105, subd. 7(d) (2016). Whether an employee committed a particular act is a question of fact. *Scheunemann v. Radisson S. Hotel*, 562 N.W.2d 32, 34 (Minn. App. 1997). This court views the ULJ's factual findings in the light most favorable to the decision, giving deference to the ULJ's credibility determinations. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). Whether an employee's act constitutes employment misconduct is a question of law, which this court reviews de novo. *Scheunemann*, 562 N.W.2d at 34. "Employment misconduct" is defined as intentional, negligent, or indifferent conduct that displays clearly "a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee" or "a substantial lack of concern for the employment." Minn. Stat. § 268.095, subd. 6(a) (2016).

The ULJ found that relator was terminated for employment misconduct after impermissibly crediting her mother's account in two separate transactions: (1) the $85.69 credit, when she returned a product that she had purchased with her employee discount, and (2) the $200 credit, when she recycled a cellphone that the store manager had given her. The ULJ further found that relator knew her conduct was in violation of respondent's policies, that her actions showed an attempt to cover up her violation of respondent's policies, and that her conduct amounted to stealing from respondent.

4

The facts of this case are analogous to those presented in *Skarhus*, where an employee was terminated after undercharging herself for a food order in violation of company policy. 721 N.W.2d at 342. There, although the value of the undercharge was less than four dollars, this court affirmed the ULJ's decision that such conduct amounted to employment misconduct, reasoning that the employee had "engaged in intentional conduct on the job that seriously violates the standards of behavior the employer has the right to expect of the employee." *Id.* at 344.

Here, the ULJ's findings regarding relator's conduct and violations of respondent's policies are supported by substantial evidence in the record and are neither arbitrary or capricious nor erroneous. Relator acknowledged that she credited her mother's account in the two transactions, and further testimony presented at the evidentiary hearing established that these transactions were plain violations of respondent's policies. We agree with the ULJ's determination that relator's conduct amounted to "a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee." Minn. Stat. § 268.095, subd. 6(a)(1).

**II.     The ULJ properly conducted the evidentiary hearing.**

Relator also argues that the ULJ did not fairly and adequately assist her as an unrepresented individual. Relator maintains that the ULJ failed to develop the record and to help her subpoena documents and examine respondent's witness. The ULJ is required to "assist all parties in the presentation of evidence" and "ensure that all relevant facts are clearly and fully developed." Minn. R. 3310.2921 (2015).

Here, the record provides no indication that the ULJ failed to assist relator. At the beginning of the evidentiary hearing, the ULJ informed both parties that they "have the right to request that the hearing be rescheduled so that documents or witnesses can be presented by subpoena if necessary." Despite being informed of this right, relator did not request that any documents or persons be subpoenaed. In addition, after soliciting sufficient testimony from both parties, the ULJ twice asked relator if she wished to provide further testimony or questioning. Finally, the ULJ ensured that the record relating to relator's conduct and respondent's policies was clear and developed.

Accordingly, the record demonstrates that the ULJ's findings are supported by substantial evidence and that the ULJ properly conducted the evidentiary hearing. We therefore affirm the ULJ's decision that relator is ineligible for unemployment benefits because she was discharged for employment misconduct.

**Affirmed.**