Lori L. **MEINZER**, Relator,

v.

**BUHL 66 C & B WAREHOUSE DISTRIBUTING, INC.,**
Respondent,

**Commissioner of Economic Security,** Respondent.

No. C0–98–423.

Court of Appeals of Minnesota.

Sept. 8, 1998.

---

Peter B. Knapp, William Mitchell Law Clinic, Anne Huntley, Certified Student Attorney, St. Paul, for relator.

Robert H. Stephenson, Trenti Law Firm, Virginia, for respondent Buhl 66.

Kent E. Todd, St. Paul, for respondent Commissioner.

Considered and decided by
SCHUMACHER, P.J., SHORT and
HARTEN, JJ.

## OPINION

SCHUMACHER, Judge.

In challenging the denial of reemployment insurance benefits, relator Lori L. Meinzer contends she did not commit misconduct and was denied a fair hearing when the reemployment insurance judge engaged in ex parte communication with the employer's representative. We reverse and remand.

### FACTS

Buhl 66 discharged Meinzer for allegedly failing to follow store policy and stealing merchandise. Meinzer filed a claim for reemployment insurance benefits, which initially was granted on the basis that she had been discharged for reasons other than misconduct. Buhl 66 appealed. At the evidentiary hearing, the reemployment insurance judge engaged in a brief discussion with the Buhl 66 manager while Meinzer was out of the room. The reemployment insurance judge then found that Buhl 66 had discharged Meinzer because she had committed misconduct. Meinzer appealed. The commissioner's representative never received or considered Meinzer's letter of appeal but affirmed her disqualification from benefits due to misconduct.

### ISSUE

Did ex parte communication between the employer's representative and the reemployment insurance judge deprive Meinzer of a fair hearing?

### ANALYSIS

▮ Meinzer contends that she was denied a fair hearing because the reemployment insurance judge engaged in ex parte communications with the employer's representative at some point after the hearing, when Meinzer had left the room.

The rules governing the Minnesota Department of Economic Security's reemployment insurance procedure prohibit ex parte communication between the reemployment insurance judge and any party.

> Private Communication between a [reemployment insurance judge] assigned to an appeal and one or more of the parties to an appeal, in the absence of the other parties to the appeal, is forbidden if it relates to the substance of the matter at issue. Private communication is to be avoided even when it does not relate to the subject matter of the appeal if it would create the appearance of impropriety.

Minn. R. 3310.2924 (1997).

In addressing the problem of ex parte communication in agency decisions, the Minnesota Supreme Court has enforced the spirit as well as the letter of the law in order to maintain the public's confidence in a fair and open system. *See In re Petition of Northern States Power Co.*, 414 N.W.2d 383, 384–86 (Minn.1987) (affirming vacation of public utilities commission order, where public utilities commissioner had been discussing employment with utility during time that public utilities commission had considered and approved utility's proposed rate increase); *Moes v. City of St. Paul*, 402 N.W.2d 520, 524 n. 2 (Minn.1987) (although ex parte request by workers' compensation judge for extra copy of brief from attorney was not grounds for reversal, supreme court cautioned against ex parte communication and instructed that, even when requesting document copies, judge should have notified

opposing counsel in order to avoid appearance of prejudice).

In the present case, it is uncontested that a violation of this rule occurred. In preparation for her appeal to the commissioner, Meinzer listened to the tape recording of the hearing before the reemployment insurance judge and discovered that, after she had left the room, the Buhl 66 manager and the reemployment insurance judge had discussed some pieces of evidence and laughed. Counsel for the commissioner admits this incident was improper, but contends that the lack of specificity in the tape recording does not establish any prejudice to Meinzer. We rely on the supreme court's comments, when faced with a similar argument, that

> these statements seem to us to avoid the focal question and instead reflect a disregard of the spirit if not the letter of the controlling legislation and regulations. * * * [The commissioner's] mere presence [in consideration of the proposed rate increase] creates the obvious appearance of impropriety and undermines the public confidence in the system.

*In re Petition of Northern States Power Co.*, 414 N.W.2d at 386. Ex parte discussion of evidence in this case, followed by laughter, undermined Meinzer's confidence in the impartiality and unbiased nature of her hearing before the reemployment insurance judge.

As a further complication, the record reveals that the commissioner's representative did not read Meinzer's letter of appeal from the reemployment insurance judge's decision. The commissioner's representative found that Meinzer "chose not to file a written argument" outlining her grounds for review. The department's file, however, shows that the appeals department received Meinzer's written arguments on January 23, 1998, nearly one month before the commissioner's representative rendered his decision on February 20, 1998. Counsel for the commissioner admits fault in this regard.

■ Without considering the merits of the appeal, we conclude that, procedurally, the system failed Meinzer. A citizen of this state is entitled to a fair hearing without ex parte communication between the commissioner's representative and opposing counsel and, further-more, to consideration of his or her arguments on appeal to the commissioner. The department's conduct here constitutes reversible error.

## DECISION

The reemployment insurance judge's ex parte communication with a representative of the employer constituted reversible error. Meinzer is entitled to a new hearing.

**Reversed and remanded.**