Carla THOMPSON, Relator,

v.

**COUNTY OF HENNEPIN, Respondent,**

**Commissioner of Economic Security, Respondent.**

No. C9–02–1544.

Court of Appeals of Minnesota.

May 6, 2003.

Carla R. Thompson, St. Paul, MN, pro se relator.

Amy Klobuchar, Hennepin County Attorney, Martin D. Munic, Assistant Hennepin County Attorney, Minneapolis, MN, for respondent County of Hennepin.

M. Kate Chaffee, Lee B. Nelson, Minnesota Department of Economic Security, St. Paul, MN, for respondent commissioner.

Considered and decided by
SHUMAKER, Presiding Judge,
RANDALL, Judge, and WRIGHT, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Hennepin County Adult Services (HCAS) fired relator Carla Thompson for employment misconduct, alleging that she falsified rule 25 chemical-assessment forms.

The Department of Economic Security (DES) denied Thompson's application for unemployment compensation. At two hearings before an unemployment law judge (ULJ), Thompson presented evidence that she had requested that material witnesses allegedly favorable to her be subpoenaed. Even though the witnesses did not attend the hearing, the ULJ found Thompson disqualified from unemployment benefits because of employment misconduct.

On that record, the commissioner's representative upheld the ULJ's decision. Because it appears that Thompson was not

accorded an opportunity to present evidence in her favor, we reverse and remand.

## FACTS

Beginning in 1994, relator Carla Thompson was employed full time as a senior chemical-dependency counselor by HCAS and part time by the Salvation Army. For both employers she performed chemical-health assessments, known as rule 25s, for people who could not pay for chemical-treatment services. All rule 25 assessments are required to be submitted to HCAS for approval.

After finding a discrepancy in one of Thompson's rule 25 assessment reports, HCAS conducted a random sample of 40 of Thompson's assessments. In 32 reports, HCAS concluded that Thompson had stated that the clients were admitted into a detoxification program when there were no such admissions.

HCAS discharged Thompson on January 8, 2002, for violating the employer's policies as to conflicts of interest and accuracy of recording client information. The DES disqualified Thompson from eligibility for unemployment compensation because HCAS had discharged her for employment misconduct. She requested a hearing before a ULJ and asked the DES to subpoena her Salvation Army supervisor, June Sinnett.

Sinnett did not appear for the hearing, and the ULJ continued the matter so that Thompson could subpoena both Sinnett and Lucy Quaintance, her HCAS supervisor. Thompson represented that these witnesses would give evidence that Thompson had not violated HCAS policies.

On the day of the second hearing, neither Sinnett nor Quaintance appeared. Thompson told the ULJ that she had requested the DES to subpoena both. The ULJ then allowed Thompson to state what she believed Quaintance's testimony would be, but proceeded with the hearing without further inquiry into the witnesses' failure to attend. The ULJ found that Thompson had falsified records and thereby committed disqualifying employment misconduct.

Thompson appealed to the DES commissioner. A commissioner's representative concluded that Thompson intentionally "disregarded the standards the employer had a right to expect" and therefore is disqualified from benefits because of employment misconduct. Thompson petitioned in this court for certiorari review.

## ISSUE

Did the commissioner's representative err when he failed to remand the case for the ULJ to determine the circumstances surrounding the issuance and service of the subpoenas for Thompson's material witnesses, who failed to appear and who allegedly would have provided favorable testimony?

## ANALYSIS

We review the commissioner's representative's findings, not the unemployment law judge's findings. *Tuff v. Knitcraft Corp.*, 526 N.W.2d 50, 51 (Minn.1995). The current law places no burden of proof on either party. Minn.Stat. § 268.105, subd. 1(b) (2002). The ULJ is required to fully develop the record. Minn. R. 3310.2921 (2001). The commissioner's representative on further appeal is required to evaluate the record based on evidence submitted at the hearing before the unemployment law judge. Minn. Minn.Stat. § 268.105, subd. 2(c) (2002).

The commissioner's representative's findings are a mixed question of law and fact. *Colburn v. Pine Portage Madden Bros., Inc.*, 346 N.W.2d 159, 161 (Minn.1984). We must view the findings

"in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed." *White v. Metro. Med. Ctr.*, 332 N.W.2d 25, 26 (Minn.1983). The commissioner's representative determines "whether an employee committed the specific act or acts alleged to be misconduct," which is a fact question. *Scheunemann v. Radisson S. Hotel*, 562 N.W.2d 32, 34 (Minn. App.1997). Although we exercise de novo review to determine whether an employee has engaged in employment misconduct, we do not reach the merits of this case. *See Ress v. Abbott N.W. Hosp., Inc.*, 448 N.W.2d 519, 523 (Minn.1989).

■ The DES has the power to issue subpoenas to compel witnesses to attend an unemployment-compensation hearing:

> [T]he commissioner shall have power to * * * issue subpoenas to compel the attendance of individuals and the production of documents and other personal property necessary in connection with the administration of the Minnesota unemployment insurance program and the job service.

Minn.Stat. § 268.188(a) (2002). The legislature also provided the district court with the power to enforce the commissioner's subpoena. Minn.Stat. § 268.188(c) (2002).

The DES has also adopted its own rule regarding the subpoena process:

> Subpoenas are available to a party to compel the attendance of witnesses, the production of documents or other exhibits upon a showing of necessity by the party applying for subpoenas. Subpoenas may be obtained by calling or writing the appellate office sufficiently in advance of the scheduled hearing to allow for the service of the subpoenas. The requesting party must identify the person or documents to be subpoenaed, the subject matter of the evidence requested, and their necessity. A request

for a subpoena may be denied if the testimony or documents sought would be irrelevant, immaterial, or unduly cumulative or repetitious. A request for a subpoena may be renewed when a party finds an additional basis or need for evidence.

> A party whose request for a subpoena has been denied may request at the time of the hearing that the referee who conducts the hearing issue the subpoena. If the referee grants the request for a subpoena, the referee may adjourn the hearing to allow a sufficient time for service of and compliance with the subpoena.

Minn. R. 3310.2914 (2001).

Thompson argues that she was unable to present the testimony of witnesses who would have supported her contention that she did not commit employment misconduct because, although she requested subpoenas to compel the witnesses' attendance, they did not appear at the hearing.

The record is scanty on the matter of the issuance and service of the subpoenas. It appears that Thompson did request one or more subpoenas and that the ULJ continued the first hearing to allow for the issuance, or perhaps the reissuance, of subpoenas. But we cannot ascertain from this limited record why the witnesses did not appear. We do not know whether Thompson's request for subpoenas was sufficiently specific or timely; whether the DES issued or declined to issue the subpoenas; how and by whom the subpoenas were to be served; what procedure the DES follows when a subpoenaed witness fails to appear; and what effect the witnesses' failure to testify had on the outcome of the case. The only conclusion we can reasonably draw from this incomplete record is that Thompson was not given a

full opportunity to present her defense to the allegation of employment misconduct.

The commissioner has the authority to remand cases to ULJs for additional evidence:

> The commissioner shall, on the basis of that evidence submitted at the hearing under subdivision 1, make findings of fact and decision, or *remand the matter back to an unemployment law judge* for the taking of additional evidence and the making of new findings and decision based on all the evidence.

Minn.Stat. § 268.105, subd. 2(c) (2002) (emphasis added).

ULJs have a duty to reasonably assist pro se parties with the presentation of the evidence and the proper development of the record. Minn. R. 3310.2921. Because this record should have alerted the commissioner's representative to a significant procedural defect regarding allegedly subpoenaed witnesses, a remand was appropriate and necessary to provide a full and fair hearing and to develop a complete record. It was error for the commissioner's representative not to have ordered a remand.

## DECISION

This matter is reversed and remanded to the commissioner for further proceedings not inconsistent with this opinion.

**Reversed and remanded.**