Anthony E. NTAMERE, Relator,

v.

DECISIONONE CORPORATION,
Respondent,

COMMISSIONER OF EMPLOYMENT
and Economic Development,
Respondent.

No. A03–355.

Court of Appeals of Minnesota.

Dec. 30, 2003.

Anthony E. Ntamere, Minneapolis, MN, pro se relator.

DecisionOne Corporation, Harrisburg, PA, respondent-employer; and Lee B. Nelson, Philip B. Byrne, Minnesota Department of Employment and Economic Development, St. Paul, MN, for respondent-commissioner.

Considered and decided by KLAPHAKE, Presiding Judge; WILLIS, Judge; and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

This matter is before the court of appeals on certiorari review from a decision of the commissioner of the Department of Employment and Economic Development.[1] The commissioner's representative concluded under Minn.Stat. § 268.095, subd. 1 (2002), that because relator quit his employment, and because relator's reasons for quitting did not constitute an exception to disqualification, relator was disqualified from receiving unemployment compensation.

Relator, a pro se appellant, contends that he was unable to present his case because DecisionOne failed to comply with subpoenas. Relator also challenges the merits of his disqualification.

1. Formerly, the Department of Economic Security.

## FACTS

Relator Anthony Ntamere worked as a customer service representative for respondent DecisionOne Corporation from June 1997 until November 2002.

On November 13, 2002, Ntamere called DecisionOne and left a voicemail message saying, "I quit." Later, Ntamere applied for unemployment benefits. At Ntamere's hearing before the unemployment law judge ("ULJ"), Ntamere cited four factors that led him to quit employment at DecisionOne—the instability of the company, the possibility that the company may suspend employee severance packages, the fact that Ntamere wanted time to look for a different job, and the hostile work environment at the company.

In preparation for the hearing with the ULJ, Ntamere attempted to subpoena various documents and witnesses at DecisionOne. Although the appeals examiner at the Department of Employment and Economic Development denied many of Ntamere's subpoena requests, the appeals examiner did issue two subpoenas directed at DecisionOne.

Acting with the first validly issued subpoena, Ntamere requested that one of his former co-workers at DecisionOne, George James, attend the hearing to testify about the instability of the work environment at DecisionOne. Although the subpoena was issued, James did not attend the unemployment hearing. Using the second authorized subpoena, Ntamere requested copies of DecisionOne's old employee handbook, the updated employee handbook, and any documents in Ntamere's personnel file that related to Ntamere's separation from employment. DecisionOne did not provide a copy of either the old or the updated handbook; the company argued that Ntamere already had copies of both handbooks, and therefore the company was not obligated to provide sub-

sequent copies. The ULJ refused to postpone Ntamere's hearing despite Ntamere's repeated requests for a continuance.

The department adjudicator, the ULJ, and the commissioner's representative all found that Ntamere was disqualified from receiving unemployment benefits. Ntamere now appeals.

## ISSUE

Does the failure of the employer to comply with subpoenas issued by the Department of Employment and Economic Development, and the failure of the ULJ to enforce those subpoenas, require a reversal of the commissioner's representative's decision?

## ANALYSIS

During the hearing before the ULJ, Ntamere requested a continuance of his hearing several times. Ntamere argued he did not have sufficient evidence to prove his case because DecisionOne failed to comply with the subpoenas issued by the Department of Employment and Economic Development. But the ULJ refused to continue the hearing, stating, "[T]here isn't any reason to stretch things out."

■ The ULJ is required to assist unrepresented parties in the presentation of evidence, and to control the hearing in order to protect the parties' right to a fair hearing, and ensure that relevant facts are clearly and fully developed. Minn. R. 3310.2921 (2001). When a party is pro se, the ULJ must help the party "to recognize and interpret the parties' claims." *Miller v. Int'l Express Corp.*, 495 N.W.2d 616, 618 (Minn.App.1993).

At an unemployment compensation hearing, both parties may examine and cross-examine witnesses and present exhibits. Minn. R. 3310.2921 (2001). Further, the department may issue subpoenas

to compel witnesses to attend unemployment compensation hearings. Minn.Stat. § 268.188(a) (2002). In fact,

> [t]he commissioner shall have power to ... issue subpoenas to compel the attendance of individuals and the production of documents and other personal property necessary in connection with the administration of the Minnesota unemployment insurance program and the job service.

*Id.*

The Department of Employment and Economic Development has adopted its own rules regarding subpoenas and the process of issuing a subpoena:

> Subpoenas are available to a party to compel the attendance of witnesses, the production of documents or other exhibits upon a showing of necessity by the party applying for subpoenas. Subpoenas may be obtained by calling or writing the appellate office sufficiently in advance of the scheduled hearing to allow for the service of the subpoenas. The requesting party must identify the person or documents to be subpoenaed, the subject matter of the evidence requested, and their necessity. A request for a subpoena may be denied if the testimony or documents sought would be irrelevant, immaterial, or unduly cumulative or repetitious....

Minn. R. 3310.2914, subp. 1 (2001).

In an unemployment compensation hearing, statutory and common-law rules of evidence do not bind the ULJ, but the ULJ may use the rules of evidence as a guide. Minn. Stat § 268.105, subd. 1(b) (2002). The ULJ has authority to exclude any evidence that is irrelevant, immaterial, unreliable, or unduly repetitious. *See id.*

■ Here, it is undisputed that the department issued two subpoenas—one for the production of documents and one to compel the attendance of a witness. First, DecisionOne did not produce all the documents listed on the subpoena. DecisionOne's attorneys advised the employer's representative that she need not bring copies of the old handbook or the updated handbook to the unemployment hearing because Ntamere had already received copies of those documents while he was employed at DecisionOne. Second, it is uncontroverted that the witness Ntamere subpoenaed did not attend the hearing. Ntamere now asserts that the witness, James, did not attend the hearing because DecisionOne, the place of James's employment, and also the address where the Department addressed the subpoena, did not deliver the subpoena to James until the day after the hearing.

In a recent court of appeals decision, *Thompson v. County of Hennepin*, this court held that where a relator was unable to present witness testimony because a witness who may have been subpoenaed did not attend relator's unemployment hearing, the commissioner's representative's decision to disqualify relator from unemployment benefits due to employment misconduct was error. 660 N.W.2d 157, 160–61 (Minn.App.2003). This court reversed the decision and remanded to the commissioner's representative because we found that the "record should have alerted the commissioner's representative to a significant procedural defect regarding allegedly subpoenaed witnesses." *Id.* at 161.

Here, there is no question that the department issued subpoenas compelling both the attendance of James and the disclosure of select documents. The question is, therefore, whether these omissions constituted a procedural defect so significant that Ntamere's case should be remanded "to provide a full and fair hearing and to develop a complete record." *See Thompson,* 660 N.W.2d at 161.

An employer cannot ignore subpoenas issued by the Department of Employment and Economic Development. Here, although the employer offered the excuse that the employee should have already possessed the subpoenaed documents, there is no showing in the record that the employee's request was unreasonable, unfair, unduly burdensome or in any way inappropriate. Nor was there any similar showing by the employer relative to the subpoena issued to employee James.

Given these facts, the reasoning of the ULJ that the subpoenas would not be enforced because "there isn't any reason to stretch things out" is not a legally sufficient reason to refuse to either continue the hearing or require compliance with the subpoenas by the employer.

In this case, like in *Thompson,* the "record should have alerted the commissioner's representative to a significant procedural defect." 660 N.W.2d at 161. Because we conclude, and so hold, that parties are required to comply with subpoenas issued by the Department of Employment and Economic Development, and that ULJ's are required to either enforce those subpoenas or state on the record legally sufficient reasons for declining to enforce those subpoenas, this court, like the court in *Thompson,* must reverse the commissioner's representative and remand this matter so that the record may be completely developed and so that Ntamere can have a full and fair hearing.

In light of the disposition of this case, we do not reach Ntamere's remaining claims.

## DECISION

This matter is reversed and remanded to the commissioner's representative for further proceedings not inconsistent with this opinion.

**Reversed and remanded.**