**ENTERPRISE COMMUNICATIONS, INC., Relator,**

v.

**DEPARTMENT OF EMPLOYMENT ECONOMIC DEVELOPMENT, Respondent.**

No. A05–2513.

Court of Appeals of Minnesota.

Dec. 19, 2006.

Richard S. Eskola, Columbia Heights, MN, for relator.

Linda A. Holmes, Lee B. Nelson, St. Paul, MN, for respondent.

Considered and decided by MINGE, Presiding Judge; LANSING, Judge; and KLAPHAKE, Judge.

## OPINION

MINGE, Judge.

In an earlier proceeding, relator employer challenged the initial qualification of a former employee for unemployment benefits, and we upheld the grant of benefits. Subsequently, relator objected to the eligibility of the former employee for continuing unemployment benefits. Relator then challenged the unemployment tax-rate increase assigned to it by the respondent Department of Employment and Economic Development (DEED), claiming that DEED improperly continued to pay benefits to that employee and that DEED should not have included those benefits in computing relator's employment experience rating. Relator now appeals the unemployment law judge's (ULJ) decision to uphold the tax rate in addition to the ULJ's failure to act on the eligibility dispute. Relator also appeals the denial of

certain discovery and subpoena requests and asserts that it was denied a fair hearing due to improper ex parte communications. Because this court upheld the initial employee benefit determination, because DEED's calculation of relator's rate properly recognizes the cost of benefits actually paid, because the review of the tax rate is limited to computation errors, and because there is no evidence of a computation error, we affirm the tax-rate determination. However, because the employee's ongoing eligibility for benefits was not previously before this court and because DEED apparently has not acted on relator's claim that the employee lost eligibility for benefits, we reverse and remand that issue for further proceedings. Because of our rulings on the tax rate and the remand, appellant's discovery, subpoena, and ex parte claims are not relevant to the tax-rate proceeding, but should be considered in any subsequent proceeding on eligibility.

## FACTS

Nancy Garrison worked as a part-time consultant for relator Enterprise Communications, Inc. from September 1997 until January 28, 2004, when she was laid off because her job assignment at Imation Corporation ended. Garrison established an unemployment benefit account effective February 15, 2004. Relator challenged DEED's decision to grant benefits. In an unpublished opinion, *Enter. Commc'ns, Inc. v. Garrison,* No. A04–1554, 2005 WL 1545314, at *1 (Minn.App. July 5, 2005), *review denied* (Minn. Sept. 20, 2005), this court affirmed the ULJ's decision that Garrison was qualified to receive benefits. DEED paid Garrison unemployment benefits for the last three quarters of 2004.

At various times in 2005, relator contacted DEED, claiming that Garrison had not inquired about work as required by law and that she had not maintained her eligibility for benefits. Ultimately, relator raised its eligibility objection with DEED in accordance with DEED directions. Relator contacted DEED's customer response unit, alleging the "incorrect paying of benefits to ... Garrison...." Relator also filed an online, unemployment-benefits fraud report. The record does not indicate that DEED acted on relator's eligibility objection.

On December 7, 2004, DEED sent relator a notice of its unemployment tax-rate increase, reflecting the benefits Garrison received as part of relator's experience rating. Based on the unemployment benefits paid, and relator's taxable wages paid, the department determined relator's 2005 unemployment insurance tax rate to be 3.46%. Relator filed a notice of protest of its assigned rate, citing "preparation errors." Upon reconsideration, DEED determined that the tax rate was "correctly assigned in accordance with Minnesota law," and affirmed the rate.

Relator disputed the affirmation notice and a de novo hearing was held before a ULJ. Relator claimed that DEED improperly charged its experience rating for benefits paid to Garrison and that DEED should recover improperly paid benefits. In preparing for the hearing before the ULJ, relator sought discovery of DEED records in Garrison's file and requested subpoenas to compel attendance of witnesses. DEED rejected the discovery requests, the ULJ refused to issue subpoenas. The ULJ concluded that the tax rate had been properly computed and that the previous decision of this court precluded it from making determinations regarding Garrison's continuing eligibility. It appears that DEED did not act on the con-

tinuing eligibility claim because, like the ULJ, it concluded this court's prior decision precluded it from doing so.

Relator submitted a request for reconsideration, and the ULJ affirmed the decision. This certiorari appeal followed.

## ISSUES

I. Did the ULJ err in concluding that relator's tax rate is correct?

II. Did the ULJ err in refusing to consider relator's challenge to Garrison's continuing eligibility for unemployment benefits?

III. Did the ULJ err in failing to issue subpoenas?

IV. Was relator prejudiced by DEED's refusal to grant access to documents?

V. Was relator prejudiced by improper ex parte communication by the ULJ?

## ANALYSIS

■ When reviewing a ULJ's decision, this court may affirm, remand for further proceedings, or reverse or modify

if the substantial rights of the petitioner may have been prejudiced because the findings, inferences, conclusions, or decision are:

(1) in violation of constitutional provisions;

(2) in excess of the statutory authority or jurisdiction of the department;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) unsupported by substantial evidence in view of the entire record as submitted; or

(6) arbitrary or capricious.

Minn.Stat. § 268.105, subd. 7(d) (Supp. 2005). A reviewing court must view the ULJ's findings in the light most favorable to the decision. *White v. Metro. Med. Ctr.*, 332 N.W.2d 25, 26 (Minn.1983). But, an appellate court exercises its independent judgment with respect to questions of law. *Ress v. Abbott Nw. Hosp., Inc.*, 448 N.W.2d 519, 523 (Minn.1989).

## I.

The first issue is whether the ULJ erred in concluding that relator's tax rate is correct. Relator contends that its rate is incorrect because the rate includes benefits that were improperly paid to an ineligible employee, and raises an issue on the merits as to Garrison's eligibility. Consequently, we must initially address the issue of whether the merits of a former employee's eligibility are properly raised in a challenge to a tax-rate determination.

DEED uses the unemployment benefits it pays to calculate the former employer's future tax rate. Minn.Stat. § 268.047, subd. 1 (2004). But, under a safe harbor provision, benefits that are "determined overpaid" are not used in computing the tax rate. *Id.*, subd. 2(8) (2004). An overpayment results when an applicant is held to be "disqualified or ineligible for unemployment benefits...." Minn.Stat. § 268.101, subd. 6 (2004). The commissioner must ensure "the proper payment of unemployment benefits...." Minn.Stat. § 268.069, subd. 2 (2004).

The relevant statutes establish the procedure for eligibility determination issues. An employer has the opportunity to raise eligibility issues "in a manner prescribed by the commissioner...." Minn.Stat. § 268.101, subd. 1(b) (Supp. 2005). DEED

must "determine any issue of eligibility raised by an employer. . . ." *Id.,* subd. 3(a) (2004). DEED must then send "a determination of eligibility or a determination of ineligibility" to both the former employee and the employer. *Id.,* subd. 3(a), (b) (2004). DEED's "determination of eligibility or . . . ineligibility" is final unless an appeal is filed within 30 calendar days after being sent. *Id.,* subd. 3(d) (2004).

The statutes establish a separate procedure for tax-rate appeals. DEED is authorized by statute to review tax rates for "computation or assignment" errors upon an employer's filed protest. Minn.Stat. § 268.051, subd. 6(c) (Supp. 2005). "Computation" refers to the calculation of an employer's experience rating. *Id.,* subd. 3 (2004). "Assignment" refers to the tax-rate assignment for new employers. *Id.,* subd. 5 (2004). Unlike the eligibility statute, the tax-rate statute does not require that the benefit recipient receive notification. *Compare id.,* subd. 6(c) *with* Minn. Stat. § 268.101, subd. 3(a). Upon a timely appeal, a ULJ holds a de novo hearing. Minn.Stat. § 268.105, subd. 1(a) (Supp. 2005). Upon a writ of certiorari, the court of appeals then reviews the ULJ's decision. *Id.,* subd. 7(a) (Supp. 2005). Again, there is no requirement that the benefit recipient be notified.

■ Because there are separate review processes for eligibility and tax rates, because the recipient of benefits is not notified of or allowed to participate in the tax-rate review proceeding, and because that participation is essential for a fair eligibility determination, we conclude that the tax-rate hearing was an inappropriate forum to determine relator's claims that Garrison was ineligible for unemployment benefits.

This leaves the question of whether the ULJ erred in determining whether rela-

tor's tax rate is correct. When reviewing relator's rate, DEED considered only the existence of computation errors because relator is not a new employer. Upon receiving relator's dispute of its tax-rate assignment, DEED affirmed the rate as correct. A review of the tax-rate hearing transcript reveals that relator presented no evidence tending to show a computation error. Rather, relator focused on Garrison's alleged noncompliance with statutory reporting requirements and alleged ineligibility to receive unemployment benefits. We conclude that the ULJ did not err in finding that DEED correctly calculated relator's 2005 tax rate.

## II.

The second issue is whether the ULJ, and apparently DEED, erred in concluding that this court's previous decision precludes further inquiry into Garrison's eligibility and in not considering relator's challenge to that eligibility. In this court's 2005 review of ECI's claims, we determined whether "Garrison was qualified to receive unemployment benefits. . . ." *Enter. Commc'ns, Inc.,* File No. A04–1554, 2005 WL 1545314, at *1 (Minn. App. July 5, 2005), *review denied* (Minn. Sept. 20, 2005). We applied Minn.Stat. § 268.095 (Supp.2003), which pertains to an applicant's initial disqualification to receive benefits. This court neither cited to nor applied the portions of Minn.Stat. § 268.085 that concern continuing eligibility for benefits. Relator now challenges Garrison's continuing eligibility. This court's previous decision does not preclude a determination of Garrison's ongoing eligibility to receive unemployment benefits, so long as that issue is appropriately raised.

■ The record discloses that relator raised an issue of eligibility with DEED in

accordance with instructions given to relator by a DEED employee. *See* Minn.Stat. § 268.101, subd. 1(b). DEED can determine eligibility issues regarding an applicant's "fail[ure] to provide ... requested information on an issue of eligibility" if those issues are raised within two years of a benefit account's establishment. *Id.,* subd. 3(c) (2004). Relator claims that Garrison has not inquired about employment opportunities with relator and questions whether Garrison has reported her failure to inquire to DEED. Garrison established her benefit account on February 15, 2004. On August 2, 2005, relator filed an electronic fraud report detailing its eligibility concerns. Relator's requests for an eligibility determination were timely. Although it was not appropriate for the ULJ to consider this eligibility issue in conjunction with the tax-rate appeal, it appears that relator had more generally challenged Garrison's eligibility and that DEED has not acted on relator's eligibility requests as Minn.Stat. § 268.101, subd. 3(a) requires. The apparent unwillingness of DEED to act on relator's objection to eligibility was evident at the time of the tax-rate hearing. We conclude, under the circumstances, that this apparent refusal to act was effectively a denial.[1]

Relator urges that we decide the eligibility question without remand. But, because the issue was not considered below, because Garrison has not participated in consideration of the issue, and because the factual record is not fully developed and an agency decision has not been made, this court will not determine Garrison's eligibility to receive unemployment benefits. *See Ntamere v. Decisionone Corp.,* 673 N.W.2d 179, 182 (remanding for further development of the record). Thus, we reverse and remand with instructions for DEED to consider the eligibility issue.

## III.

■ The next issue is whether the ULJ erred in failing to issue subpoenas for tax-rate hearing testimony. A ULJ "may ... issue subpoenas to compel the attendance of witnesses and the production of documents and other personal property considered necessary as evidence in connection with the subject matter of an evidentiary hearing." Minn.Stat. § 268.105, subd. 4 (2004). The ULJ may deny a subpoena request "if the testimony or documents sought would be irrelevant, immaterial, or unduly cumulative or repetitious." Minn. R. 3310.2914, subp. 2 (2005).

Because of the limited nature of the tax-rate proceeding, the evidence relator sought was not relevant, and we affirm the subpoena decision with respect to that proceeding. However, upon remand on eligibility, the ULJ should consider any subpoena requests according to the above-cited standards.

## IV.

The fourth issue is whether relator was prejudiced by DEED's failure to grant access to documents. Parties to a ULJ hearing are entitled to "reasonable access to department data necessary to represent themselves properly...." Minn. R. 3310.2913 (2005). As this rule indicates, access to DEED records is not absolute.

Because of the limited nature of the tax-rate proceeding, the evidence relator

---

1. "[W]here administrative inaction has precisely the same impact on the rights of parties as denial of relief, and agency inaction is tantamount to final agency action," a court may review the inaction. 2 Am.Jur.2d *Administrative Law* § 444 (2004).

sought was not relevant, and we affirm the document-request decision with respect to that proceeding. However, upon remand on eligibility, DEED should consider relator's requests for documents under the appropriate standard.

### V.

The final issue is whether improper ex parte communication by the ULJ prejudiced relator. The rules governing ULJ hearings prohibit ex parte communication between the ULJ and any party:

> Private communication between a[ULJ] assigned to an appeal and one or more of the parties to an appeal, in the absence of the other parties to the appeal, is forbidden if it relates to the substance of the matter at issue. Private communication is to be avoided even when it does not relate to the subject matter of the appeal if it would create the appearance of impropriety.

Minn. R. 3310.2923 (2005). Appellate courts will reverse a case in which improper ex parte communication occurs. *See, e.g., Meinzer v. Buhl 66 C & B Warehouse Distrib., Inc.*, 584 N.W.2d 5, 7 (Minn.App. 1998) (overturning reemployment insurance judge's decision when a tape recording of the hearing demonstrated that the judge and opposing party "discussed some pieces of evidence and laughed" when Meinzer left the room).

▮ Relator's allegations of improper ex parte communications do not appear directed at the tax-rate issue, but rather the eligibility question. Accordingly, we do not further consider this issue except to note that we assume that the ULJ and DEED will maintain their traditional adherence to proper hearing standards upon remand.

### DECISION

Although the ULJ erred in its determination that this court's previous decision regarding qualification for unemployment benefits precludes any review of ongoing eligibility, a tax-rate hearing is not the proper proceeding to review an eligibility issue and we affirm its tax-rate determination. DEED is required to consider relator's challenge to eligibility. This court declines to consider an employer raised eligibility determination until DEED has fully considered the issue. Relator's subpoena, discovery, and ex parte issues are not relevant to the tax-rate matter, but may become relevant in a subsequent eligibility proceeding.

**Affirmed in part, reversed in part, and remanded.**