Shahriar VASSEEI, Relator,

v.

SCHMITTY & SONS SCHOOL BUSES INC., Respondent,

Department of Employment and Economic Development, Respondent.

No. A10–423.

Court of Appeals of Minnesota.

Dec. 28, 2010.

Paul A. Banker, Christopher R. Sullivan, Lindquist & Vennum P.L.L.P., Minneapolis, MN, for relator.

Bradley J. Lindeman, Meagher & Geer P.L.L.P., Minneapolis, MN, for respondent employer.

Lee B. Nelson, Amy R. Lawler, Department of Employment and Economic Development, St. Paul, MN, for respondent Department of Employment and Economic Development.

Considered and decided by HUDSON, Presiding Judge; ROSS, Judge; and SCHELLHAS, Judge.

## OPINION

SCHELLHAS, Judge.

Relator challenges the decision on reconsideration by an unemployment-law judge (ULJ) that he was ineligible for unemployment benefits because he committed employment misconduct based on negligent driving. Specifically, relator argues that the ULJ erred on reconsideration by granting an additional evidentiary hearing to consider a police accident report because the employer did not show good cause for failing to submit the report at the first hearing. Relator contends that the ULJ lacked authority to order an additional hearing under Minn.Stat. § 268.105, subd. 2(c) (Supp.2009). We affirm.

## FACTS

Relator Shahriar Vasseei was employed by respondent Schmitty & Sons School Buses Inc. as a transit driver from January 10, 2008, through July 31, 2009. On July 31, while driving a bus during work, Vasseei turned right onto Third Avenue in downtown Minneapolis and hit a bicyclist. Vasseei violated two of Schmitty & Sons' safety requirements in connection with the accident: (1) he turned using only one hand instead of two; and (2) after failing to make the turn properly, he backed up the bus without using a spotter or first getting off the bus to look himself.

Before the July 31 accident, Vasseei was involved in an accident in which he backed into a pole. Vasseei also had received multiple written warnings about driving unsafely. Schmitty & Sons discharged Vasseei based on the July 31 accident, the prior accident, and the prior written warnings.

Respondent Department of Employment and Economic Development (DEED) determined that Vasseei was ineligible for benefits because Schmitty & Sons discharged him for employment misconduct. Vasseei appealed, and a ULJ conducted a hearing. Vasseei argued that Schmitty & Sons did not present sufficient evidence of employment misconduct because it did not submit its safety manual, a video of the accident, or the police accident report. The ULJ found that the evidence did not

show negligence by Vasseei and therefore concluded that his discharge was not based on employment misconduct.

Schmitty & Sons requested reconsideration and submitted copies of the police accident report, Vasseei's training records, and customer complaints about Vasseei's driving throughout his employment. Schmitty & Sons also offered to submit additional evidence: a video of another driving incident from July 21, 2009, in which Vasseei allegedly drifted outside his lane and damaged another bus; Schmitty & Sons' investigation materials following the July 21 incident; and customer complaints concerning the July 21 incident. The ULJ ordered that his "prior decision shall continue to be enforced until new findings of fact and decision are made" and that "[a]n additional evidentiary hearing shall be scheduled." In his memorandum accompanying the order, the ULJ noted that "[d]uring the evidentiary hearing, transit manager Connie Massengale testified she had seen a copy of the police accident report but she didn't have it in her possession. Massengale testified from memory about its contents and findings." The ULJ also stated that Schmitty & Sons had not explained why the additional evidence was not submitted during the evidentiary hearing. But citing Minn. R. 3310.2921, the ULJ noted that the rule "states [a ULJ] should assist unrepresented parties in the presentation of evidence," and "[t]he police accident report was a relevant and potentially important exhibit." The ULJ concluded that he

> should have adjourned or continued the hearing to allow Schmitty & Sons to submit the police accident report. Because this was not done, an additional evidentiary hearing is hereby ordered for the sole purpose of permitting Schmitty & Sons and Vasseei to present additional testimony relating to the police accident report.

At the additional evidentiary hearing, the ULJ considered the police accident report and heard additional testimony from both parties. The ULJ issued findings and a decision in which he found that "Vasseei's negligent driving was the proximate cause of the accident" and concluded that "Vasseei was discharged because of employment misconduct and is not eligible for unemployment benefits." Vasseei requested reconsideration arguing, in part, that the ULJ's order for an additional evidentiary hearing was improper under Minn.Stat. § 268.105, subd. 2(c). The ULJ affirmed his decision, stating that "[e]ven though Schmitty & Sons may not have used the [section 268.105, subdivision 2(c) ] statutory language in requesting reconsideration, good cause was shown." This certiorari appeal follows.

## ISSUE

Did the ULJ abuse his discretion by ordering an additional evidentiary hearing to consider the police accident report, which was discussed but not submitted at the first hearing?

## ANALYSIS

■ We may reverse or modify a ULJ's decision if the relator's rights were prejudiced because the ULJ's findings, inferences, conclusion, or decision were, among other grounds, affected by an error of law, in excess of the ULJ's statutory authority, or made upon unlawful procedure. Minn. Stat. § 268.105, subd. 7(d) (2008). We give deference to the ULJ's credibility determinations, view the ULJ's findings in the light most favorable to the decision, and will not disturb those findings if the evidence substantially sustains them. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn.App.2006). We review legal questions de novo. *Id.*

■ We defer to a ULJ's decision to grant or deny an evidentiary hearing and will reverse only for an abuse of discretion. *See Ywswf v. Teleplan Wireless Servs., Inc.,* 726 N.W.2d 525, 533 (Minn.App.2007) (stating that this court defers to ULJ decision to deny request for additional evidentiary hearing); *Skarhus,* 721 N.W.2d at 345 (stating that this court will reverse decision denying new evidentiary hearing only for abuse of discretion); *Goodwin v. BPS Guard Servs., Inc.,* 524 N.W.2d 28, 30 (Minn.App.1994) (stating that "Commissioner is accorded deference when exercising discretion to decide remand requests"). But the ULJ's discretion is not absolute; the discretion must be exercised within the statutory requirements. *See* Minn.Stat. § 268.105, subd. 7(d)(2); *Dobrin v. Dobrin,* 569 N.W.2d 199, 202 (Minn.1997) (holding in the family-law context that a trial court abuses its discretion by improperly applying the law); *Whitaker v. 3M Co.,* 764 N.W.2d 631, 636 (Minn.App.2009) ("[I]t is an abuse of discretion when the district court improperly applies the law."), *review denied* (Minn. July 22, 2009).

An applicant, an employer, or the commissioner may file a request for reconsideration within 20 days of the issuance of a ULJ's decision. Minn.Stat. § 268.105, subd. 2(a) (Supp.2009). If 20 days elapse without a request for reconsideration, the decision of the ULJ becomes final. *Id.,* subd. 1(c) (Supp.2009). If a request for reconsideration is timely filed, the ULJ may modify the decision, set aside the decision and direct that an additional evidentiary hearing be conducted, or affirm the decision. *Id.,* subd. 2(a); *Ywswf,* 726 N.W.2d at 533. The ULJ *must* order a new evidentiary hearing if the party "shows that evidence which was not submitted at the evidentiary hearing ... would likely change the outcome of the decision and there was good cause for not having previously submitted the evidence." Minn.Stat. § 268.105, subd. 2(c).

In this case, the ULJ concluded that Schmitty & Sons had good cause for its failure to submit the police accident report during the first hearing because the ULJ failed to assist it in presenting evidence. A hearing to determine qualification for unemployment benefits is an evidence-gathering inquiry. Minn.Stat. § 268.105, subd. 1(b) (Supp.2009). The ULJ has the duty to ensure that all relevant facts are clearly and fully developed. *Id.* "The judge should assist unrepresented parties in the presentation of evidence." Minn. R. 3310.2921.

Vasseei challenges the procedure underlying the ULJ's order for an additional evidentiary hearing. He argues that the ULJ exceeded his statutory authority and therefore erred as a matter of law when he ordered the additional evidentiary hearing to correct his perceived failure under Minn. R. 3310.2921 to assist an unrepresented party.[1] Vasseei argues that a ULJ may grant an additional evidentiary hearing *only* if the requirements of section 268.105, subdivision 2(c), are met. We disagree.

"Statutory construction is ... a legal issue reviewed de novo." *Lee v. Fresenius Med. Care, Inc.,* 741 N.W.2d 117, 122 (Minn.2007). When construing statutes, we attempt "to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2008). "We construe statutes to effect their essential purpose but will not disregard a statute's clear language to pursue the spirit of the law." *Lee,* 741 N.W.2d at 123. "In ascertaining the intention of the legislature," we presume that "the legislature does not intend

---

1. Vasseei is not challenging the merits of the misconduct determination based on the additional facts presented in the police accident report.

a result that is absurd, impossible of execution, or unreasonable." Minn.Stat. § 645.17 (2008).

■ Section 268.105, subdivision 2(c), states that a ULJ *must* order an additional hearing if a party shows good cause for not submitting evidence and the new evidence would change the outcome. But the statute does not state that a ULJ may *only* order an additional evidentiary hearing under those circumstances. Nothing in section 268.105 restricts a ULJ's authority to order an additional evidentiary hearing after receiving a request for reconsideration under other circumstances. *See* Minn. Stat. § 268.105, subd. 2(a)(2) (stating that upon request for reconsideration, ULJ may set aside the decision and order an additional evidentiary hearing). And Vasseei offers no persuasive argument that the legislature intended to restrict the ULJ's authority to order an additional hearing to the circumstances listed in subdivision 2(c).

After the ULJ received Schmitty & Sons' timely request for reconsideration, he was required to decide whether to modify the decision, set aside the decision and direct that an additional evidentiary hearing be conducted, or affirm the decision. Minn.Stat. § 268.105, subd. 2(a). Vasseei essentially argues that because Schmitty & Sons did not satisfy Minn.Stat. § 268.105, subd. 2(c), the statute required the ULJ to deny the request for reconsideration and affirm his decision even though he believed that his decision was erroneous. That result would be absurd.

■ Nothing in the law restricts a ULJ from correcting a mistake before the decision is final. *See Rowe v. Dep't of Emp't & Econ. Dev.,* 704 N.W.2d 191, 195 (Minn. App.2005) ("Minnesota caselaw has long recognized ... that administrative agencies have the inherent power to correct erroneous decisions when the statute does not prohibit such correction and the rights of the parties are not prejudiced."). This court has remanded DEED cases because a ULJ failed to fulfill his or her duty to assist unrepresented parties when it constituted a significant procedural defect. *See, e.g., Thompson v. Cnty. of Hennepin,* 660 N.W.2d 157, 161 (Minn.App.2003) (remanding because failure of allegedly subpoenaed witnesses to appear constituted significant procedural defect). Here, the ULJ properly exercised his authority to order an additional evidentiary hearing under Minn.Stat. § 268.105, subd. 2(a)(2), and did not abuse his discretion when he determined that he should have assisted an unrepresented party in the presentation of evidence at the first hearing. We conclude that when a ULJ determines that an unrepresented party's failure to present evidence at a hearing was the result of the ULJ's failure to assist the party as required by Minn. R. 3310.2921, the ULJ may set aside a decision and order an additional evidentiary hearing under Minn. Stat. § 268.105, subd. 2(a)(2).

### DECISION

The ULJ did not abuse his discretion when, upon a timely request for reconsideration, he set aside his decision and ordered an additional evidentiary hearing under Minn.Stat. § 268.105, subd. 2(a)(2), after determining that an unrepresented party's failure to present evidence at a hearing was the result of the ULJ's failure to assist the party as required by Minn. R. 3310.2921.

**Affirmed.**