**Lynn R. HASLEDALEN, Relator,**

v.

**DEPARTMENT OF EMPLOYMENT AND ECONOMIC DEVELOPMENT, Respondent.**

No. A11–1013.

Court of Appeals of Minnesota.

Jan. 23, 2012.

Lynn R. Hasledalen, Oakdale, MN, pro se relator.

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, MN, for respondent Department of Employment and Economic Development.

Considered and decided by STAUBER, Presiding Judge; KLAPHAKE, Judge; and LARKIN, Judge.

## OPINION

KLAPHAKE, Judge.

Relator Lynn R. Hasledalen challenges the opinion of the unemployment law judge (ULJ) reducing his unemployment benefits and requiring him to reimburse the Department of Employment and Economic Development (the department) for an overpayment of benefits based on his receipt of Social Security old age benefits.[1]

---

1. Minn.Stat. § 268.085, subd. 4(a) (2010) re- fers specifically to "old age benefits."

Because the ULJ's decision is supported by substantial evidence and unaffected by an error of law, we affirm.

## FACTS

Relator filed for unemployment benefits on December 13, 2009 and began receiving a weekly benefit of $585. In 2010, upon reaching age 62, relator applied for and was awarded primary old age benefits under the Social Security Act in the amount of $1,877. Each week, relator had to fill out a computerized form to demonstrate continuing eligibility for unemployment benefits. Each week, relator responded that he had not received or applied for any other income from any other source. Included in this question was a pull-down list that included Social Security benefits as an example of the income that must be disclosed. In December 2010, relator disclosed that he was receiving Social Security benefits and had been receiving them since May 2010. The department subsequently notified him of an overpayment of $8,100.

Relator contends that before he applied for Social Security benefits, an unnamed employee of the department told him that receiving Social Security benefits would not affect his unemployment benefits. He also stated that an unnamed employee of the Social Security Administration told him the same thing. Relator testified that he asked both these representatives about the effect of receiving Social Security benefits because the unemployment booklet he had received when he first applied for benefits stated that collecting Social Security benefits could affect his unemployment benefits.

## ISSUE

■ Is the ULJ's determination that relator's unemployment benefits must be reduced by an amount equal to 50% of his Social Security old age benefit calculated on a weekly basis supported by substantial evidence and unaffected by an error of law?

## ANALYSIS

■ On appeal, we may affirm the ULJ's decision or reverse or modify the decision if the petitioner's substantial rights have been prejudiced because the decision is not supported by substantial evidence, is arbitrary or capricious, or is affected by an error of law. Minn.Stat. § 268.105, subd. 7(d) (2010). We review the ULJ's findings in the light most favorable to the decision and will not reverse if there is "evidence in the record that reasonably tends to sustain them." *Stagg v. Vintage Place, Inc.*, 796 N.W.2d 312, 315 (Minn.2011). Construction of a statute, however, is a legal question subject to de novo review. *Vasseei v. Schmitty & Sons Sch. Buses, Inc.*, 793 N.W.2d 747, 750 (Minn.App.2010).

Minn.Stat. § 268.085, subd. 4(a) states that a person aged 62 or over who applies for unemployment benefits must disclose if he has applied or intends to apply for Social Security old age benefits "for any week during the benefit year." This disclosure must also be made when filing continued requests for benefits. *Id.* If the applicant receives, files for, or intends to file for Social Security benefits, an amount equal to 50% of the Social Security benefit, measured on a weekly basis, must be subtracted from the weekly unemployment benefit. *Id.* The only exception to this rule is if the applicant was already receiving Social Security benefits while employed. *Id.*, subd. 4(b) (2010). This exception does not apply to relator. The rationale for this exception to the rule is explained in the statute:

> If all of the applicant's wage credits were earned while the applicant was

claiming Social Security old age benefits, there is no deduction from the applicant's weekly unemployment benefit amount. The purpose of this paragraph is to ensure that an applicant who is claiming Social Security benefits has demonstrated a desire and ability to work.

*Id.*

 It is regrettable that relator may have received conflicting or inaccurate advice from employees of the department or of the Social Security Administration. Unfortunately, there is no exception in the statute that would excuse relator from complying with the statute; any overpayment must be repaid.[2] Minn.Stat. § 268.18, subds. 1, 6 (2010); *see* Minn.Stat. § 268.069, subd. 3 (2010) (stating that "[t]here is no equitable or common law denial or allowance of unemployment benefits."). "It is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Becker v. Mayo Found.,* 737 N.W.2d 200, 207 (Minn.2007) (quotation omitted).

## DECISION

The ULJ's determination that relator was overpaid unemployment benefits because he also received Social Security old age benefits is supported by substantial evidence and reflects a correct interpretation of the unemployment statute.

**Affirmed.**

2. The ULJ accepted relator's explanation and did not assess the 40% penalty that must be assessed if an overpayment is made due to fraud. Minn.Stat. § 268.18, subd. 2(a) (2010).