*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2370**

Steven Morris Smith,
Relator,

vs.

Family Life Mental Health Center,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed August 4, 2014
Affirmed
Kirk, Judge**

Department of Employment and Economic Development
File No. 31392637-3

Steven Morris Smith, Hugo, Minnesota (pro se relator)

Family Life Mental Health Center, Coon Rapids, Minnesota (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

On appeal from the determination of an unemployment-law judge (ULJ) that he is ineligible for unemployment benefits because he was discharged for employment misconduct, appellant argues that the ULJ: (1) erred by determining that he is ineligible for unemployment benefits; and (2) abused his discretion by denying his request for an additional evidentiary hearing. We affirm.

## FACTS

Relator Steven Morris Smith began working full-time as a psychologist at respondent Family Life Mental Health Center in 2007. On June 26, 2013, a Family Life employee found a flash drive in the parking lot of Family Life's building. The next day, the employee gave the flash drive to the office manager, who viewed its contents. After the office manager determined that the flash drive belonged to Smith and contained confidential client information, Rosalin Chrest, Family Life's executive director, discharged him.

Smith applied for unemployment benefits, and the Minnesota Department of Employment and Economic Development (DEED) determined that he was eligible for benefits. Family Life appealed the eligibility determination.

The ULJ held an evidentiary hearing, and Chrest testified that she discharged Smith because the flash drive contained confidential client information and was not password-protected. She testified that Family Life required client information to be password-protected because it would violate HIPAA if the information was accessible to

the public. Chrest testified that Smith admitted that the flash drive was his, but claimed that it was password-protected. When Chrest told him that both she and the office manager were able to access the information, Smith did not have an explanation for how they were able to do so.

Smith testified that the flash drive belonged to him and did not dispute that he had accidentally dropped it in the parking lot. He testified that he understood that the incident was serious. Smith explained that he used his personal flash drive to transfer his client files because he was having difficulty using Family Life's computer system.

The ULJ determined that Family Life discharged Smith for employment misconduct, finding that the greater weight of the evidence supported a finding that Smith violated Family Life's standards and procedures for handling confidential client information. Smith requested that the ULJ reconsider his decision and offered additional evidence in support of his argument. The ULJ denied his request. This certiorari appeal follows.

## D E C I S I O N

The purpose of chapter 268 is to assist those who are unemployed through no fault of their own. Minn. Stat. § 268.03, subd. 1 (2012). The chapter is remedial in nature and must be applied in favor of awarding benefits, and any provision precluding receipt of benefits must be narrowly construed. Minn. Stat. § 268.031, subd. 2 (2012).

When reviewing a ULJ's eligibility decision, this court may affirm, remand for further proceedings, or reverse or modify the decision if the substantial rights of the relator may have been prejudiced because the findings, inferences, conclusion, or

decision are affected by an error of law or are unsupported by substantial evidence. Minn. Stat. § 268.105, subd. 7(d) (2012). Substantial evidence is "(1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) more than a scintilla of evidence; (3) more than some evidence; (4) more than any evidence; or (5) the evidence considered in its entirety." *Minn. Ctr. for Envtl. Advocacy v. Minn. Pollution Control Agency*, 644 N.W.2d 457, 466 (Minn. 2002). We review the ULJ's factual findings in the light most favorable to the decision and defer to the ULJ's credibility determinations. *Peterson v. Nw. Airlines Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008), *review denied* (Minn. Oct. 1, 2008). "[T]his court will not disturb the ULJ's factual findings when the evidence substantially sustains them." *Id.*

## I. The ULJ did not err by determining that Smith is ineligible for unemployment benefits because he was discharged for misconduct.

An employee who was discharged is eligible for unemployment benefits unless the discharge was for employment misconduct. Minn. Stat. § 268.095, subd. 4(1) (2012). "Employment misconduct" is defined as "any intentional, negligent, or indifferent conduct, on the job or off the job that displays clearly: (1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." *Id.*, subd. 6(a) (2012). "Whether an employee committed employment misconduct is a mixed question of fact and law." *Peterson*, 753 N.W.2d at 774. Whether the employee committed the act is a fact question. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). But

4

whether the employee's act constitutes misconduct is a question of law, which is reviewed de novo. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011).

Smith argues that the ULJ erred when it determined that he was discharged for unemployment misconduct. In general, refusing to comply with an employer's reasonable policy constitutes misconduct. *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002). The standards of behavior that an employer has the right to expect vary based on the employer. *Auger v. Gillette Co.*, 303 N.W.2d 255, 257 (Minn. 1981). An employee's act may constitute employment misconduct in one job, but the same conduct might not constitute misconduct in a different job. *Id.* This court has recognized that maintaining confidentiality of patient records in a healthcare setting is very important. *Grp. Health Plan, Inc. v. Lopez*, 341 N.W.2d 294, 297 (Minn. App. 1983).

It was reasonable for Family Life to require its employees to protect the confidentiality of client information as mandated by federal law. Smith violated this reasonable policy when he placed confidential client information on his flash drive without ensuring that it was password-protected. Smith does not deny that his flash drive contained confidential client information that was not password-protected and he acknowledged during his testimony that client confidentiality is very important. Instead, he argues that Family Life's corporate culture was lax in protecting confidential client information and many other employees used flash drives to store client information. But because the sole issue before this court is whether Smith's actions constituted misconduct, it is irrelevant whether other Family Life employees violated the same rules.

*Sivertson v. Sims Sec., Inc.*, 390 N.W.2d 868, 871 (Minn. App. 1986) (declining to consider employee's argument that his employer selectively chose to enforce the rules against him), *review denied* (Minn. Aug. 20, 1986).

Smith also argues that Family Life falsely claimed that he previously received a warning for violating the company's computer policy. But Chrest testified that she orally warned Smith in February 2012 for inappropriately using his work computer, and the ULJ admitted a copy of the form summarizing the warning as an exhibit. The ULJ found that Chrest's testimony was more credible than Smith's testimony, and we defer to the ULJ's credibility determinations. *See Peterson*, 753 N.W.2d at 774. Although Chrest acknowledged that Smith did not sign the form acknowledging he received the warning, it was unnecessary for him to do so because the form clearly states that the warning was oral.

Accordingly, the ULJ properly concluded that Smith is ineligible for unemployment benefits because he committed employment misconduct.

## II. The ULJ did not abuse its discretion by denying Smith's request for an additional evidentiary hearing.

An applicant for unemployment benefits may file a request for reconsideration of a ULJ's decision within 20 days. 2014 Minn. Laws ch. 251, art. 2, § 16 (amending Minn. Stat. § 268.105, subd. 2 (2012)). The ULJ must order an additional evidentiary hearing if the applicant demonstrates that evidence not submitted at the evidentiary hearing "would likely change the outcome of the decision and there was good cause for not having previously submitted that evidence" or "would show that the evidence that was submitted

at the hearing was likely false and . . . had an effect on the outcome of the decision." *Id.* This court defers to a ULJ's decision whether to grant a hearing and will reverse that decision only if the ULJ abused its discretion. *Vasseei v. Schmitty & Sons Sch. Buses Inc.*, 793 N.W.2d 747, 750 (Minn. App. 2010).

Smith submitted a request for reconsideration and an additional hearing. Smith asserted facts that were not presented to the ULJ at the initial hearing, and submitted copies of several performance review forms. He argued that he had a good reason for not submitting the evidence at the hearing because he suffers from heart disease, recently had surgery on his knee and hand, and was suffering from the effects of the prescription pain medication he was taking. The ULJ denied Smith's request for an additional hearing, finding that Smith did not show good cause for failing to submit the evidence at the hearing or that it is likely the evidence would change the outcome of the decision.

On appeal, Smith argues that he was "not of sound mind or faculties" at the hearing due to his health issues, and was not capable of preparing for or presenting evidence. But Smith did not mention any health issues during the hearing, and he did not include any evidence supporting his claimed health issues with his request for reconsideration. Smith did not demonstrate good cause for not previously submitting the evidence, or that the evidence would likely change the outcome. Therefore, the ULJ did not abuse his discretion when it denied Smith's request for an additional hearing.

**Affirmed.**