*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0044**

Kathleen St. Amand,
Relator,

vs.

James A. Hoffman, M.D. - Cosmetic & Plastic Surgery, P.A.,
Respondent,

Department of Employment and Economic Development,
Respondent

**Filed September 28, 2015
Affirmed
Worke, Judge**

Department of Employment and Economic Development
File No. 32631818-3

Kathleen St. Amand, Centuria, Wisconsin (pro se relator)

James A. Hoffman, M.D., Cosmetic & Plastic Surgery, P.A., St. Paul, Minnesota (respondent employer)

Lee B. Nelson, Timothy C. Schepers, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Worke, Presiding Judge; Halbrooks, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**WORKE**, Judge

Relator challenges the unemployment-law judge's (ULJ's) determination that she is ineligible for unemployment benefits after her discharge from employment for taking vacation without prior approval. We affirm.

**FACTS**

In June 2014, relator Kathleen St. Amand was discharged from employment with respondent-employer James A. Hoffman, M.D. – Cosmetic & Plastic Surgery, P.A. Although St. Amand satisfactorily performed her duties as a patient coordinator for the first 17 months of her employment, in the six months prior to her discharge, her employer noted several performance issues. St. Amand misfiled medical records, ordered incorrect surgical supplies and medical products, and failed to properly complete paperwork.

In April 2014, St. Amand purchased a plane ticket prior to requesting vacation. St. Amand did not have sufficient vacation time accrued for the planned vacation and her request was denied when her employer was unable to cover her shift. St. Amand informed her employer that she had already purchased her plane ticket and could not change her vacation. St. Amand texted her supervisor approximately one week prior to her planned vacation, requesting to leave work early the day before her requested time off. The supervisor replied "plan on it." St. Amand understood this to mean that her vacation request was granted. The supervisor testified that the text did not indicate that St. Amand's vacation request was granted, but that the request was irrelevant because St.

Amand would be discharged for taking the unauthorized vacation. St. Amand was subsequently discharged.

Respondent Minnesota Department of Employment and Economic Development initially granted St. Amand unemployment benefits, and the employer appealed this decision. The ULJ originally upheld the grant of unemployment benefits. The employer requested reconsideration, and the ULJ concluded that St. Amand's behavior constituted employment misconduct and that she was therefore ineligible for unemployment benefits. This pro se certiorari appeal follows.

**D E C I S I O N**

We may affirm, remand for further proceedings, or reverse or modify the ULJ's decision if the findings, inferences, conclusion, or decision prejudice the relator's substantial rights and are affected by an error of law, unsupported by substantial evidence in view of the entire record, or are arbitrary or capricious. 2015 Minn. Laws 1st Spec. Sess. ch. 1, art. 6, § 12, at 1692-93 (amending Minn. Stat. § 268.105, subd. 7(d) (2014)); *see Vasseei v. Schmitty & Sons Sch. Buses Inc.*, 793 N.W.2d 747, 749 (Minn. App. 2010) (citing this standard of review). We view the ULJ's findings of fact in "the light most favorable to the decision" and give deference to the ULJ's credibility determinations. *Peterson v. Nw. Airlines Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008), *review denied* (Minn. Oct. 1, 2008).

An employee who is discharged for employment misconduct is ineligible to receive unemployment benefits. Minn. Stat. § 268.095, subd. 4(1) (2014). Employment misconduct is "any intentional, negligent, or indifferent conduct" that clearly displays

3

"(1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." *Id.*, subd. 6(a) (2014). Whether an employee committed misconduct is a mixed question of fact and law. *Stagg v. Vintage Place, Inc.*, 796 N.W.2d 312, 315 (Minn. 2011). Whether the employee committed a particular act is a question of fact, but whether that act constituted employment misconduct is a question of law that we review de novo. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006).

Here, the ULJ ultimately determined that St. Amand was primarily discharged because she went on vacation without her employer's approval. We agree with the ULJ's conclusion that the employer had a right to reasonably expect that St. Amand would not take an unapproved vacation. Although St. Amand testified that had she known she would be discharged for taking the vacation, she would have rethought her decision to go on her trip, the ULJ found this testimony not credible because it contradicted St. Amand's conduct. *See* Minn. Stat. § 268.105, subd. 1a(a) (2014) ("[T]he [ULJ] must set out the reason for crediting or discrediting . . . testimony."). This finding is further supported by St. Amand's testimony that in the past she was explicitly notified when her requested time off was approved, and in this instance she admits that she "assumed" the time was approved when she did not get a response from her supervisor.

St. Amand argues that she had previously been allowed to take vacation when she had insufficient time accrued. She also asserts that a coworker agreed to cover for her intended vacation. But this does not demonstrate that St. Amand's requested vacation time was approved. By submitting a request a week in advance to leave early for her

4

vacation, St. Amand demonstrated that she intended to take the vacation without prior approval.  Thus, her conduct showed a substantial lack of concern for her employment and constituted employment misconduct.  Therefore, the ULJ properly concluded that St. Amand is ineligible for unemployment benefits.

**Affirmed.**